THE STATE, EX REL. BLAKE, APPELLANT, v.
SHOEMAKER, ACTING CHIEF, ET AL., APPELLEES.

[Cite as State, ex rel. Blake, v. Shoemaker (1983), 4 Ohio St. 3d 42.]

(No. 82-986—Decided March 16, 1983.)

*Mr. Richard H. Blake, pro se.*

*Mr. William J. Brown,* attorney general, and *Mr. Dennis L. Sipe,* for appellees John Shoemaker, Acting Chief, Adult Parole Authority, Clarence Clark, Chairman, Ohio Adult Parole Board, George Bustamonte, Member, Ohio Adult Parole Board, and Arnold Jago, Superintendent, London Correctional Institution.

*Per Curiam.* The basis of appellant's argument is that his right to parole consideration provided in R.C. 2967.03 automatically creates a liberty interest sufficient to establish a right to procedural due process. This contention was rejected in *Greenholtz* v. *Nebraska Penal Inmates* (1979), 442 U.S. 1, with the exception of where the state statute itself creates an expectancy of release. The Nebraska statute before the court in *Greenholtz* required release by the parole authority unless any one of four conditions negating parole was found to exist. The court stated that the expectancy of release provided by the Nebraska statute "is entitled to some measure of constitutional protection," but emphasized that "* * * whether any other state statute provides a protectible entitlement must be decided on a case-by-case basis." *Id.* at 12.

R.C. 2967.03 provides the Ohio Adult Parole Authority may grant parole to a prisoner "* * * if in its judgment there is a reasonable ground to believe that if * * * the prisoner is paroled, such action would further the interests of

justice and be consistent with the welfare and security of society." This statute is a grant of discretion; it does not create any presumption that parole will be issued and does not create an expectancy of parole upon which appellant can base his due process claim. See *Wagner* v. *Gilligan* (C.A. 6, 1979), 609 F. 2d 866.

Appellant also makes a claim that he was not provided written reasons for the ten-year extension of his next parole hearing as required by appellees' administrative regulations. This factual question was resolved against appellant by the court of appeals and this court is not persuaded to the contrary.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

J. P. CELEBREZZE, J., not participating.