THE STATE, EX REL. FERGUSON, APPELLANT, *v.*
OHIO ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as State, ex rel. Ferguson, *v.* Ohio Adult Parole Auth. (1989),
45 Ohio St. 3d 355.]

(No. 89-768—Submitted July 26, 1989—Decided September 27, 1989.)

*Paul Mancino, Jr.,* for appellant.

*Per Curiam.* Ferguson argues that the board denied him due process by considering misconduct not resulting in criminal convictions; by not giving him notice that such misconduct would be considered, or an opportunity to disprove it; and by explaining its

356

decision to deny parole by means of a preprinted form couched solely in terms of the applicable regulations, without setting forth the factual underpinnings of the board's conclusions.

We need not decide whether any or all of these would constitute denials of due process. We have held that R.C. 2967.03 creates no presumption that parole will be granted when designated findings are made. *State, ex rel. Blake,* v. *Shoemaker* (1983), 4 Ohio St. 3d 42, 43, 4 OBR 86, 87, 446 N.E. 2d 169, 170. Therefore, Ferguson has been deprived of no liberty interest upon which he can base a due-process claim.

The court of appeals was also correct in dismissing Ferguson's claims that the applicable regulations were violated. Ferguson contends that the board failed to show good cause for scheduling his second hearing for 1997. But the board's answer to his ninth interrogatory explains that this decision was based on the seriousness of Ferguson's offense and the likelihood that he has committed other sexual offenses. We agree with the court of appeals that this constitutes "good cause" under Ohio Adm. Code 5120:1-1-10(B).

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.