STATEMENT OF THE CASE
On August 24, 2000, petitioner filed an Application for Writ of Habeas Corpus requesting that this Court order his immediate release from confinement from the Ohio State Penitentiary. Specifically, petitioner alleges that, while incarcerated at the Lucasville facility, he was granted a projected release date of June, 2000, and after being transferred to the Ohio State Super Max Penitentiary at Youngstown, Ohio, he was notified that he was given two additional years of incarceration.
Petitioner asserts that the Ohio Administrative Rule 5120-1-1-10, a 1998 news release, and the Parole Board Manual, when taken as a whole, creates a "Protected Liberty Interest" in his projected release date and creates a legitimate expectancy of release which limits the discretion of the parole board officials.
On October 5, 2000, respondent filed its motion to dismiss alleging that petitioner failed to file copies of his commitment papers as required by R.C. 2725.04(D); that petitioner failed to provide a detailed list of all lawsuits he has filed in the previous five years as required by R.C. 2969.25; and finally, that petitioner has failed to state a claim upon which relief may be granted since there is no constitutionally protected liberty interest in a denial of parole before the expiration of a prisoner's maximum sentence period.
 STATEMENT OF FACTS
Petitioner was convicted of Involuntary Manslaughter on September 29, 1989 and sentenced to a term of incarceration of from two to ten years, with an additional term of incarceration of three years for the use of a firearm, to be served prior to and consecutive with the indefinite sentence. Petitioner's maximum sentence is due to expire on August 1, 2002.
On or about October 29, 1998, while incarcerated at the "S.O.C.F. Lucasville" facility, petitioner was given a projected release date (PRD) of June 1, 2000. On December 21, 1998, petitioner was transferred to the Ohio State "Super Max" Penitentiary at Youngstown, Ohio. On April 18, 2000, after a hearing assessment (which petitioner refused to attend) petitioner was notified that his projected release date was now set for June of 2002. This instant petition followed, whereby petitioner states that the above actions by the parole board deprived petitioner of his "Fourteenth Amendment Due Process Liberty Interest Rights."
 ANALYSIS
Petitioner, in his petition to this Court, did not attach his September 29, 1989, commitment papers. R.C. 2725.04(D) states as follows:
 "A copy of the commitment or cause of detention of such person shall be exhibited if it can be procured without impairing the efficiency of the remedy; or if the imprisonment or detention is without legal authority, such fact must appear."
The commitment papers are necessary for a complete understanding of the petition and without these papers, the petition is fatally defective. SeeBloss v. Rogers (1992), 65 Ohio St.3d 145. Failure to attach these commitment papers with the petition cannot be cured by a later submission. See Boyd v. Money (1998), 82 Ohio St.3d 388.
Next, as noted by respondent, petitioner did not attach a list of prior civil actions he had filed, if any, to his petition. R.C. 2969.25(A) requires that any inmate who commences a civil action or appeal against a government entity or employee (as in this case), must file an affidavit describing each civil action or appeal filed within the previous five years. Failure to include the list of prior civil actions with his petition is also grounds for dismissal of the petition. See State ex rel.Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421.
Assuming arguendo, that petitioner had complied with all of the above requirements, his petition for writ of habeas corpus is still without merit. In the case of Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, when addressing the issue of "liberty interests" in parole decisions the Ohio State Supreme Court stated, in relevant part:
 "* * * The Fourteenth Amendment forbids a state to `deprive any person of life, liberty, or property, without due process of law * * *.' Hence, the Due Process Clause applies `only if a government action will constitute the impairment of some individual's life, liberty or property.' 2 Rotunda Nowak, Treatise on Constitutional Law (1992) 580, Section 17.2.
"`There is no constitutional or inherent right * * * to be conditionally released before the expiration of a valid sentence.' Greenholtz v.Inmates of Nebraska Penal Correctional Complex (1979), 442 U.S. 1, 7,99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675. A prisoner who is denied parole is not thereby deprived of `liberty' if state law makes the parole decision discretionary. State ex rel. Blake v. Shoemaker (1983),4 Ohio St.3d 42, 4 OBR 86, 446 N.E.2d 169; State ex rel. Ferguson v. OhioAdult Parole Auth. (1989), 45 Ohio St.3d 355, 356, 544 N.E.2d 674, 675.
"Under R.C. 2967.03, the parole decision is discretionary. Blake, supra;Ferguson, supra. The APA's use of internal guidelines does not alter the decision's discretionary nature. Because neither statute nor regulation created the guidelines, and the board need not follow them, they place no `substantive limits on official discretion.' Olim v. Wakinekona (1983),461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813, 823. Thus, Hattie was deprived of no protected liberty interest when he was denied parole, and can claim no due process rights with respect to the parole determination. Jago v. Van Curen 91981), 454 U.S. 14, 20-21,102 S.Ct. 31, 35, 70 L.Ed.2d 13, 19."
Since under Ohio law the parole board decisions are discretionary, petitioner has not been deprived of his "liberty." Petitioner's Fourteenth Amendment Rights were not violated and he had no constitutionally protected liberty interest.
For all the reasons cited above petitioner's Petition for Writ of Habeas Corpus is without merit.
Respondent's Motion to Dismiss is granted.
Final order. Costs taxed to petitioner.
Clerk to serve a copy of this order on the parties as provided by the Civil Rules.
 _____________________ PER CURIAM
Cox, P.J., concurs, Vukovich, J., concurs, Waite, J., concurs.