JOURNAL ENTRY
 STATEMENT OF THE CASE
On August 18, 2000, Petitioner filed a Petition for Writ of Habeas Corpus requesting that this court order his release from confinement from the Noble Correctional Institute. Specifically, Petitioner alleges that, "he has served a sentence way beyond the laws and demands of the Ohio State Constitution and Revised Code."
Petitioner asserts that R.C. 2967.11 has been found to violate the doctrine of separation of powers and is unconstitutional under State exrel. Bray v. Russell (2000), 89 Ohio St.3d 132, and that there is, "no legal authority other than the court that can lengthen the sentence past the minimum ordered by the court at the sentencing." Petitioner believes that he has been denied parole and given an additional sentence due to the violation of prison rules in violation of the dictates of State exrel. Bray, supra.
On September 28, 2000, Respondent filed his motion to dismiss alleging that Petitioner: has received no "bad time" additions to his sentence; that the challenge of the constitutionality of a state statute is not cognizable under habeas corpus; that there is no constitutional expectation of parole; that there exists adequate alternative remedies; and, finally that Petitioner has failed to provide a detailed list of all lawsuits he has filed in the previous five years as required by R.C.2969.25.
 STATEMENT OF THE FACTS
On May 23, 1995, Petitioner, in Case No. 94 CR 838, pled guilty to the crime of Attempt to Commit Rape and was sentenced to an indeterminate term of not less than eight nor more than fifteen years of incarceration, to be served concurrently with Case No. 94 CR 600, less credited time served.
Petitioner has submitted no evidence that he has at any time been denied parole or that Respondent had taken any act to add to his original sentence.
 ANALYSIS
Petitioner, in his petition to this court, did not attach his Case No. 94 CR 600 commitment papers. R.C. 2725.04(D) states as follows:
 "A copy of the commitment or cause of detention of such person shall be exhibited if it can be procured without impairing the efficiency of the remedy; or if the imprisonment or detention is without legal authority, such fact must appear."
The commitment papers are necessary for a complete understanding of the petition and without these papers, the petition is fatally defective. SeeBloss v. Rogers (1992), 65 Ohio St.3d 145. Failure to attach these commitment papers with the petition cannot be cured by a later submission. See Boyd v. Money (1998), 82 Ohio St.3d 388.
Although Petitioner attached his commitment papers for Case No. 94 CR 838, he did not attach those in Case No. 94 CR 600, which was discussed in his 94 CR 838 commitment. Failure to attach all of his pertinent commitment papers is sufficient cause for dismissal. See McBroom v.Russell (1996), 77 Ohio St.3d 47.
Next, as noted by Respondent, Petitioner did not attach a list of prior civil actions he had filed, if any, to his petition. R.C. 2969.25(A) requires that any inmate who commences a civil action or appeal against a government entity or employee, file an affidavit describing each civil action or appeal filed within the previous five years. Failure to include the list or prior civil actions with his petition was also grounds for dismissal of the petition. See State ex rel. Zanders v. Ohio ParoleBoard (1998), 82 Ohio St.3d 421.
Assuming arguendo that Petitioner had complied with all of the above procedural requirements, his petition for writ of habeas corpus is still without merit. In the case of Hattie v. Goldhardt (1994),69 Ohio St.3d 123, when addressing the issue of "Liberty Interests" in parole decisions, the Ohio Supreme Court stated, in relevant part:
 "* * * The Fourteenth Amendment forbids a state to `deprive any person of live, liberty, or property, without due process of law * * *.' Hence, the Due Process Clause applies `only if a government action will constitute the impairment of some individual's life, liberty or property.' 2 Rotunda Nowak, Treatise on Constitutional Law (1992) 580, Section 17.2.
 `There is no constitutional or inherent right * * * to be conditionally released before the expiration of a valid sentence.' Greenholtz v. Inmates of Nebraska Penal Correctional Complex (1979), 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675. A prisoner who is denied parole is not thereby deprived of `liberty' if state law makes the parole decision discretionary. State ex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42, 4 OBR 86, 446 N.E.2d 169; State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355, 356, 544 N.E.2d 674, 675.
 Under R.C. 2967.03, the parole decision is discretionary. Blake, supra; Ferguson, supra. The APA's use of internal guidelines does not alter the decision's discretionary nature. Because neither statute nor regulation created the guidelines, and the board need not follow them, they place no `substantive limits on official discretion.' Olim v. Wakinekona
(1983), 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2f 813, 823. Thus, Hattie was deprived of no protected liberty interest when he was denied parole, and can claim no due process rights with respect to the parole determination. Jago v. Van Curen (1981), 454 U.S. 14, 20-21, 102 S.Ct. 31, 35, 70 L.Ed.2d 13, 19."
Petitioner's maximum sentence is not due to expire until approximately May of 2010, less credited time served. Since under Ohio law the parole board decisions are discretionary, Petitioner has no absolute right to be released until the expiration of his maximum sentence.
For all the reasons cited above, Petitioner's Petition for Writ of Habeas Corpus is without merit.
Respondent's Motion to Dismiss is granted.
Final order. Costs taxed to Petitioner.
Clerk to serve a copy of this order on the parties as provided by the Civil Rules.
Vukovich, J., concurs, Donofrio, J., concurs, Waite, J., concurs.