Mary C. WHITESIDE; Norman V. Whiteside; Debra Stafford; Delayne D. Whiteside; Regina B. Holland, Plaintiffs–Appellants,

v.

Reginald A. WILKINSON, et al., Defendants–Appellees.

No. 00–3902.

United States Court of Appeals, Sixth Circuit.

Feb. 1, 2001.

Before BOGGS and MOORE, Circuit Judges; BELL, District Judge.*

Plaintiffs appeal a district court judgment dismissing a civil rights complaint filed pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Mary C. Whiteside, Norman V. Whiteside, Debra Stafford, Delayne D. Whiteside, and Regina B. Holland tendered a complaint to the district court. The district court granted pauper status to Mary alone. Because the other plaintiffs neither applied

---

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

for pauper status nor paid the filing fee, the district court deemed the action to be instituted solely by Mary. The court construed the complaint as asserting that Norman had been denied parole in retaliation for his exercise of his First Amendment rights and that the other plaintiffs had thus been deprived of familial association with Norman. All plaintiffs are related. Finding that Mary had failed to state a claim for relief, the district court sua sponte dismissed the complaint upon initial review pursuant to 28 U.S.C. § 1915(e).

In their timely appeal, the plaintiffs argue that the action should be deemed to be brought by all of them, that § 1915(e) does not apply, and that the complaint did state a claim.

■ The plaintiffs first argue that the action should be deemed to be instituted by all of them because Norman, Debra, Delayne, and Regina allegedly attempted to pay the filing fee a few weeks after Mary submitted her application for pauper status, but the court clerk would not accept the fee. This argument is not properly before the court. As the district court did not recognize anyone other than Mary as a party to the litigation, the district court did not issue a final judgment with respect to anyone other than Mary, and this court does not have jurisdiction over anyone but Mary. *See Donovan v. Hayden, Stone, Inc.,* 434 F.2d 619, 620 (6th Cir. 1970). Hence, this court only will review issues raised by Mary.

Mary correctly points out that the complaint included a claim that the defendants had retaliated against her for her exercise of First Amendment rights. Although the district court did not specifically address this portion of her familial association claim, the court of appeals has jurisdiction because relief was implicitly denied. *See Ford Motor Co. v. Transport Indem. Co.,* 795 F.2d 538, 543 (6th Cir.1986).

Upon de novo review, we conclude that the district court properly screened and dismissed the action pursuant to § 1915(e) for failure to state a claim. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 and 608 (6th Cir.1997); *Wright v. MetroHealth Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir. 1995).

■ Mary failed to state a claim for retaliation. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). Mary did not suffer an adverse action when Norman was denied parole, and Mary failed to show that the denial of parole was motivated at least in part by any action Mary has taken.

■ Furthermore, Mary's underlying claim of deprivation of familial association is without merit. As a convicted prisoner, Norman, an Ohio inmate, has no inherent constitutional right to parole. *See Board of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Nor does an Ohio inmate have any state-created liberty interest in parole. *See Jago v. Van Curen,* 454 U.S. 14, 19–21, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981); *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.,* 929 F.2d 233, 235–38 (6th Cir.1991); *Wagner v. Gilligan,* 609 F.2d 866, 867 (6th Cir.1979); *State ex rel. Ferguson v. Ohio Adult Parole Auth.,* 45 Ohio St.3d 355, 544 N.E.2d 674, 675 (1989). The logical corollary of *Allen* and *Jago* is that a private individual has no constitutional right to have a family member paroled.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.