DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Lucas County Court of Common Pleas which denied appellant's Crim.R. 32.1 motion to withdraw his guilty plea. On March 10, 1987, appellant entered a plea of guilty to murder and was sentenced to a term of fifteen years to life. On August 11, 2000, appellant filed a motion to withdraw his guilty plea on the basis that the Adult Parole Authority mischaracterized the severity of his offense and denied him parole. Without hearing, the trial court denied appellant's Crim.R. 32.1 motion on September 12, 2000.
Appellant raises as his sole assignment of error the following:
 "The trial court abused it's discretion in failing to determine the manifested injustice created by the State's negligence to the fulfillment of terms outlined in the plea agreement."
A Crim.R. 32.1 motion to withdraw a guilty plea, after imposition of sentence, will only be granted to correct manifest injustice and in extraordinary cases. Crim.R. 32.1; State v. Smith (1977),49 Ohio St.2d 261, 264. The decision to grant a Crim.R. 32.1 motion is within the sound discretion of the trial court. Smith at 264. There is no constitutional, inherent right, or constitutionally protected liberty interest in being granted parole prior to the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and CorrectionalComplex (1979), 442 U.S. 1, 7; State ex rel. Ferguson v. Ohio AdultParole Auth. (1989), 45 Ohio St.3d 355; and State v. Wilburn (Dec. 22, 1999), Lawrence App. No. 98CA47, unreported, citing, Olim v. Wakinekona,461 U.S. 238, 249.
Appellant has no constitutional right to parole and the record demonstrates that no promises or inducements were made to appellant in exchange for his plea. Accordingly, we find that appellant failed to establish he suffered a manifest injustice and, therefore, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. See Crim.R. 32.1, and Smith, supra.
Accordingly, we find appellant's sole assignment of error not well-taken. On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., Mark L. Pietrykowski,P.J., CONCUR.