STATEMENT OF THE CASE
On May 9, 2001 Petitioner filed a Petition for Writ of Habeas Corpus requesting that this Court order his immediate release from the Ohio State Penitentiary at Youngstown, Ohio. Specifically, Petitioner alleges the Adult Parole Authority went outside the parole guidelines in denying his parole opportunities, thereby denying him his "due process" rights. Petitioner further alleges that his original "plea bargain" has been breached in order that the parole board can receive "federal funding", in violation of his due process and equal protection rights.
On July 9, 2001 Petitioner filed a Motion for Summary Judgment alleging that there are no material facts in dispute and that he was entitled to judgment as a matter of law.
On July 23, 2001 Respondents filed a Motion to Dismiss alleging that Petitioner is not entitled to release because his maximum sentence has not expired and that Petitioner violated R.C. 2969.25 in not providing a detailed list of all lawsuits he has filed in his previous five years.
 STATEMENT OF THE FACTS
In 1974 Petitioner was convicted of a felony and placed on probation in Case No. CR14681. We do not know to what he was sentenced in that case. In 1976 Petitioner pleaded guilty to possession of criminal tools, grand theft, drug abuse, and carrying a concealed weapon in Case Nos. CR 21765 and CR 24692. He was sentenced to concurrent sentences of one to ten years, six months to five years, six months to five years, and six months to five years. Soon after being released on parole, in 1978, Petitioner was again convicted of vandalism and having a weapon while under disability and sentenced to two to five years concurrent with each charge but consecutive to his 1976 sentences. Petitioner's parole was revoked in 1979. In 1981 Petitioner was again released on parole.
Soon after his parole, in 1982, Petitioner pleaded guilty to aggravated robbery and receiving stolen property in Case Nos. CR 171706 and CR 172485. He was sentenced to five to twenty-five years and one to five years concurrent with each other, and his prior parole was revoked.
While Petitioner was incarcerated, in 1985 he was convicted of aggravated assault in Case No. CR 85-91 and sentenced to serve two to five years. Later in 1989, Petitioner, while incarcerated, was convicted of felonious assault in Case No. 88 CR 26 and sentenced to serve twelve to fifteen years.
On July 10, 1998, after a parole board hearing, Petitioner was denied parole and his next consideration of release is scheduled for January, 2008.
This instant Petition for Habeas Corpus subsequently was filed in this Court.
ANALYSIS
Petitioner's allegation that he has been deprived of his due process and equal protection rights is without merit, for numerous reasons.
First, in Perotti v. Baker, Case No. 96-4125, Petitioner filed a habeas corpus petition challenging his criminal conviction in State v. Perotti
Case No. 88-261, (88 CR 262). Then in Perotti v. Collins, Case No. 97-4225, Petitioner filed a habeas corpus petition challenging his criminal conviction in State v. Perotti, Case No. 171706. Then in Perottiv. Huffman Case No. C1-98-411 (S.D.Ohio WD), Petitioner filed a habeas corpus petition challenging the adult parole authority's policy. Finally on February 26, 1999, Petitioner filed a habeas corpus in the Fourth Appellate District of Ohio in Case No. 99 CA 2636, which was denied on May 7, 1999. In the last case Petitioner alleged that he was entitled to be released, contending that the Ohio State Parole Authority extended his parole release date by ten years in retaliation for civil actions he filed against prison authorities.
Petitioner's petition is barred by the doctrine of res judicata. Two of Petitioner's prior habeas actions were against the adult parole authority and the February 26, 1999 action related to the extension of his parole release date, the same issue he raises in this instant case. Since this issue has already been decided against Petitioner, the doctrine of resjudicata bars him from relitigating it in other proceedings in other state courts. See State v. Perry (1980), 10 Ohio St.2d 175, State exrel. Brantley v. Ghee (1997), 80 Ohio St.3d 287.
Next, Petitioner has filed an affidavit listing the civil actions he has filed in the last five years pursuant to R.C. 2969.25. Nowhere in that affidavit is the February 26, 1995 Petition for Habeas Corpus Petitioner filed in the Fourth Appellate District in Case No. 99 CA 2636.
Failure to attach an affidavit which describes each civil action or appeal of a civil action the inmate has filed in the previous five years in any state or federal court is grounds for dismissal.Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421.
Next we note that Petitioner has failed to attach all of his commitment papers. R.C. 2725.04(D) states as follows:
 "A copy of the commitment or cause of detention of such person shall be exhibited, if it can be produced without impairing the efficiency of the remedy, or if the imprisonment or detention is without legal authority, such facts must appear."
Petitioner has failed to attach his 1974 conviction, his 1976 conviction, and his 1978 conviction. See Boyd v. Money (1998),92 Ohio St.3d 388; Brantley v. Anderson (1997), 77 Ohio St.3d 446 andMcBroom v. Russell (1996), 77 Ohio St.3d 47. Failure to attach all of his commitment papers is grounds for dismissal.
Next, Petitioner alleges that the reason his plea bargain is being breached is, "so the Adult Parole Authority can receive federal funding in violation of his due process and equal protection rights." However, petitioner has pleaded no facts to show how or why the awarding of federal funds to Ohio's "Violent Offender Incarceration and Truth-in-Sentencing Incentive" is related to petitioner's denial of parole. Unsupported conclusions of a complaint are not considered admitted. See State exrel. Hickman v. Capots (1989), 45 Ohio 3d 324.
Petitioner's last allegation is that the parole board went outside their guidelines, resulting in Petitioner having served twenty-one (21) years on his five (5) to twenty-five (25) year sentences, in violation of his due process rights. First, we note that an examination of all of Petitioners sentences show that he has been sentenced to a combined minimum of twenty-two (22) years to a maximum of sixty (60) years incarceration.
Petitioner's allegation that he was deprived of this minimum due process rights is without merit. The Ohio Supreme Court addressed the "due process" arguments as they relate to parole board decisions in State exrel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, where that court stated:
 "The Fourteenth Amendment forbids a state to `deprive any person of life, liberty, or property, without due process of law * * *.' Hence, the Due Process Clause applies `only if a government action will constitute the impairment of some individual's life, liberty, or property.' 2 Rotunda Nowak, Treatise on Constitutional Law (1992) 580, Section 17.2.
 `There is no constitutional right * * * to be conditionally released before the expiration of a valid sentence.' Greenholtz v. Inmates of Nebraska Penal Correctional Complex (1979), 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675. A prisoner who is denied parole is not thereby deprived of `liberty' if state law makes the parole decision discretionary. State ex rel. Blake v. Shoemaker (1983). 4 Ohio St.3d 42, 4 OBR 86, 446 N.E.2d 169; State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355, 356, 544 N.E.2d 674. 675.
 Under R.C. 2967.03, the parole decision is discretionary, Blake, supra; Ferguson, supra. The APA's use of internal guidelines does not alter the decision's discretionary nature. Because neither statute or regulation created the guidelines, and the board need not follow them, they place no `substantive limits on official discretion.' Olim v. Wakinekona
(1983), 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813, 823."
This Petitioner was deprived of no protected liberty interest when he was denied parole, and can claim no due process rights with respect to the parole board determination on his new parole eligibility date. Jago v. VanCuren (1981), 454 U.S. 14, 20-21.
Petitioner's argument that the parole board's decision not to grant him parole was based upon improper factors is also without merit since Petitioner has not directed this court to what specific information is in question nor has he supplied proof of his allegation.
Petitioner's allegations concerning the use of the Ohio Parole Guidelines by parole boards was also recently addressed in the case ofMayrides v. Ohio State Parole Auth. (Apr. 30, 1998), Franklin App. No. 97APE08-1035, unreported, where that court stated, in relevant part:
 "By definition, the term `rule' means `any rule, regulation or standard, having a general and uniform operation, adopted, promulgated, and enforced by any agency under the authority of the laws governing such agency, and includes any appendix to a rule. `Rule' does not include any internal management rule of any agency unless the internal management rule affects private rights and does not include any guideline adopted pursuant to section 3301.0714 of the Revised Code.' R.C. 119.01 (C). By contrast, the Supreme Court in Hattie, supra, found that the Adult Parole Authority's `use of internal guidelines does not alter the decisions discretionary nature. Because neither statute nor regulation created the guidelines, and the board need not follow them, they place no `substantive limits on official discretion.'' Hattie, supra, at 125, 630 N.E.2d 969, citing Olim v. Wakinekona, at 249, 1747. Given the non-binding nature of the parole guidelines which in no way limit the discretion granted to defendant under R.C. 2967.03, the paroles guidelines are not rules and need not be promulgated in accordance with R.C. 111.15 and 119.03(I). Moreover, `even if the guidelines were made a rule or were disregarded, no right [of plaintiff] to release or parole would be created.' Wise v. Ohio Dept. Of Rehab. Corr. (1992), 84 Ohio App.3d 11, 14, 616 N.E.2d 251."
The court in Mayrides, supra, also stated:
 "In Linger v. Ohio Adult Parole Auth. (Oct. 14, 1997), Franklin App. No. 97APE04-482, unreported (1997) Opinions 4274, 4279), this court held that unless a prisoner is denied parole for a constitutionally impermissible reason, `the decision to deny parole is not subject to judicial review.' As the court explained, long established precedent indicates that Ohio does not give a convicted person a claim of entitlement to parole before the expiration of a valid sentence. Rather, as pointed out in Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Authority
(1991), 929 F.2d 233, which relied on the Supreme Court's opinion in Olim v. Wakinekona (1983), 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813, under Ohio's system, where the decisionmaker can deny the requested relief for any constitutionally permissible reason or for no reason at all, the state has not created a constitutionally protected liberty interest."
We agree with the court's ruling in Mayrides, supra, and since Petitioner in this case does not assert that he was denied parole for a constitutionally impermissible reason, such as race, sex, etc., the decision to deny him parole is not subject to judicial review.
In summary, Petitioner's petition for writ of habeas corpus is barred due to successive filings under the doctrine of res judicata. Petitioner's petition is also dismissable due to his failure to attachall of his civil actions against state officials in the last five years, his failure to attach all of his commitment papers, and his unsupported conclusions in his complaint.
Finally, since under Ohio law the parole board decisions are discretionary, the use of the parole board guidelines is not mandatory, and Petitioner has not been deprived of his "due process" rights for any constitutionally impermissible reasons, Petitioner has no constitutionally protected liberty interest in his projected release date or of parole before his maximum sentence has expired. In this case that maximum is sixty (60) years.
For all the reasons cited above, Petitioner's Petition for Writ of Habeas Corpus is without merit.
Respondent's Motion to Dismiss is granted. Petition dismissed.
Final Order. Costs taxed to Petitioner.
Clerk to serve a copy of this order on the parties as provided by the Civil Rules.
Vukovich, P.J., concurs.
Donofrio, J., concurs.
DeGenaro, J., concurs.