DECISION
{¶ 1} In this original action, relator, Daniel Flanagan, has requested a writ of mandamus issue ordering respondent Ohio Department of Rehabilitation and Correction to reinstate his parole eligibility. Respondent has filed a motion for judgment on the pleadings which the court converted to a motion for summary judgment.
{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12, Section (M), of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate, in consideration of respondent's motion for summary judgment, has rendered a decision, including findings of fact and conclusions of law, and has recommended that the court grant respondent's motion for summary judgment. (Magistrate's Decision, Appendix A.) There have been no objections filed to the magistrate's decision.
{¶ 3} As correctly concluded by the magistrate, while relator remains eligible for parole, he is not entitled by right to be released on parole prior to the expiration of his full sentence. At this time, he will not be released on parole due to his continuing status as a maximum security inmate. As such, the magistrate has properly concluded that relator is not entitled to a writ of mandamus as he can not demonstrate that he has a clear legal right to the relief sought and respondent is not under any clear legal duty to perform the act requested.
{¶ 4} Following independent review pursuant to Civ.R. 53(C), we find that the magistrate has properly determined the pertinent facts and applied the salient law thereto. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.
{¶ 5} In accordance with the recommendation contained in the magistrate's decision, respondent's motion for summary judgment is granted and relator's request for a writ of mandamus is denied.
Motion for summary judgment granted;
writ of mandamus denied.
LAZARUS and KLATT, JJ., concur.
 APPENDIX A IN MANDAMUS ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
{¶ 6} Relator, Daniel Flanagan, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Ohio Department of Rehabilitation and Correction to reinstate his parole eligibility. Respondent filed a motion for judgment on the pleadings which this court converted to a motion for summary judgment.
Findings of Fact:
{¶ 7} 1. Relator is an inmate currently incarcerated at the Southern Ohio Correctional Facility ("SOCF").
{¶ 8} 2. Pursuant to his petition, relator alleges that he was convicted in 1997 to serve two indefinite sentences of three-to-ten years concurrently. In addition, relator alleges that he received his first statutory parole hearing in October 1998. At that time, parole was denied and relator was given an estimated parole date of July 1, 2002.
{¶ 9} 3. Following his October 1998 parole hearing, relator was transferred to SOCF and is now classified as a maximum-security inmate.
{¶ 10} 4. Pursuant to Ohio Department of Rehabilitation and Correction ("ODRC") Policy 501.36, relator was notified that maximum-security inmates are not granted release on parole.
{¶ 11} 5. On February 4, 2002, relator filed the instant mandamus action alleging that ODRC Policy 501.36, which prevents the parole release of inmates while classified as a maximum-security inmate, violates his right to be released on parole.
{¶ 12} 6. On April 5, 2002, respondent filed a motion for judgment on the pleadings which this magistrate converted to a motion for summary judgment.
{¶ 13} 7. Relator has filed two responses to respondent's motion for summary judgment. The first requests this court to take judicial notice of filings in another case before this court. The second simply responds to respondent's motion.
{¶ 14} 8. This matter is now before this magistrate on respondent's motion for summary judgment and relator's responses thereto.
Conclusions of Law:
{¶ 15} The Ohio Supreme Court has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
{¶ 16} Respondent has filed a motion for summary judgment asserting that relator has no clear legal right to be released on parole, has not been denied parole eligibility, has no clear legal right to prevent the parole board from considering his status as a maximum-security inmate as a consideration of whether he can be paroled, and that relator is still eligible for parole.
{¶ 17} Summary judgment, Civ.R. 56, is a procedural device designed to terminate litigation where there is nothing to try. It must be awarded with caution, resolving all doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1.
{¶ 18} Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving parties are entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is made.
{¶ 19} The moving party has the burden of showing that there is no genuine issue as to any material fact as to the critical issues. The opposing party has the duty to submit affidavits or other material permitted by Civ.R. 56(C) to show a genuine issue for trial. See Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
{¶ 20} As stated previously, relator contends that he is being denied his right to be released from incarceration on parole. Relator contends that he has been granted a "parole and release date" and that respondent is using ODRC Policy 501.36 to arbitrarily revoke his parole and release date without holding a parole revocation hearing as required.
{¶ 21} R.C. 2967.13 sets forth the time which must be served by an Ohio inmate before they become eligible for parole. Although R.C. 2967.13
mandates that an Ohio prisoner sentenced prior to July 1, 1996, will become eligible for parole within a certain time period, nothing in R.C.2967.13 requires that the prisoner actually be released on parole prior to the expiration of their valid sentence.
{¶ 22} It is undisputed that there is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex (1979), 442 U.S. 1, 99 S.Ct. 2100. The decision whether or not to grant parole to an Ohio prisoner lies within the discretion of the Ohio Adult Parole Authority. Jago v. Van Curen (1981),454 U.S. 14, 102 S.Ct. 31. As such, an Ohio prisoner who is denied parole is not thereby deprived of "liberty" unless state law makes the parole decision mandatory. State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355.
{¶ 23} Furthermore, the use of parole guidelines by the parole board in their decision to deny a prisoner parole does not violate that prisoner's due process rights. Because the guidelines were not created by either statute or regulation, and because the board need not follow them, the guidelines place no substantive limits on official discretion. Olim v. Wakinekona (1983), 461 U.S. 238, 103 S.Ct. 1741.
{¶ 24} In the present case, relator received his first parole hearing in October 1998. At that time, relator was denied parole. Although relator alleges that he was then given an estimated parole release date of July 1, 2002, he mistakenly seems to believe that he was guaranteed he would be released on July 1, 2002. As stated previously, relator has no right to be released from incarceration prior to the expiration of his sentence. Inasmuch as relator has not served his entire sentence, he has no right to be released.
{¶ 25} Relator contends that respondent's use of ODRC Policy 501.36
deprives him of his right to be released. Relator is mistaken. ODRC Policy 501.36 provides guidelines for the parole board to consider in reaching the decision of whether to grant an inmate parole. ODRC policies on parole were promulgated, in accordance with R.C. 5120.01, to foster consistent parole board hearing procedures designed to promote public confidence in safety, as well as fair and objective decision-making. Both the Ohio Revised Code and the Ohio Administrative Code give the parole board the authority to investigate and examine any matters affecting a prisoner's ability to be at liberty without being a threat to society. Further, the parole board is permitted to take into consideration the inmate's conduct during his term of imprisonment, as well as any other factors which the board determines to be relevant, except for documents related to the filing of a grievance. See R.C. 2967.13; Ohio Adm. Code5120:1-1-07(C)(8) and 5120:1-1-07(C)(16). Relator does not deny that he is currently classified in maximum-security. Pursuant to the above citations, respondent is permitted to take into consideration relator's increased security classification to maximum as part of his conduct during his term of imprisonment as evidence that he poses a threat to society if released. Furthermore, although relator contends that respondent has denied him "eligibility" for parole, relator is mistaken. Relator remains eligible for parole; however, under ODRC Policy501.36(VI)(C)(7)(D), relator's classification as a maximum-security inmate makes him not "suitable" for parole at the present time. ODRC Policy 501.36(VI)(C)(7)(D) provides, in pertinent part, as follows:
{¶ 26} "* * * Any inmate with a maximum security classification or any other classification title utilized to denote the most serious security risk inmates, at the time of release eligibility, shall not be granted release. A continued date shall be established which, to the extent possible, gives at least sufficient time for the inmate to be eligible for a security classification review which may lead to a security classification reduction. Release at any such projected release date shall be conditioned upon the inmate receiving a security classification less than maximum, or any other security classification title utilized to denote the most serious security risk inmates."
{¶ 27} As can clearly be seen, although relator will not be released on parole as long as he is classified as a maximum-security inmate, respondent will, to the extent possible, give relator a continued date at which time his release on parole will again be considered provided that he has received a security classification less than maximum. Relator remains "eligible" for parole, to the extent that respondent will reconsider his "suitability" for release on parole at a later time.
{¶ 28} Based on the foregoing, relator has not demonstrated that he is entitled to a writ of mandamus ordering respondent to release him from parole, or to return him to a status of being "eligible" for parole. Relator is not entitled to be released on parole prior to the expiration of his full sentence and relator remains eligible for parole, although pursuant to the policies of ODRC, he will not currently be released on parole due to his status as a maximum-security inmate. As such, this court should grant respondent's motion for summary judgment.