JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Thomas Zahoransky, argues the trial court erred in denying his motion for cancellation of plea agreement and determining that it was without jurisdiction to change his sentence. We disagree and affirm.
 {¶ 2} In February 1984, appellant was indicted on two counts of aggravated murder and one count of kidnapping with firearm specifications. All counts of the indictment related to appellant's murder of his wife, Lynette Zahoransky, in 1984. In March 1984, appellant pled guilty to one count of aggravated murder with all other counts nolled.
 {¶ 3} In May 1984, the trial court sentenced appellant and stated, in part, as follows: "It is therefore, ordered and adjudged by the court that said defendant, Thomas J. Zahoransky be imprisoned * * * for a term of LIFE with eligibility for parole in twenty (20) years." Journal Entry VOL 585 PG 505.
 {¶ 4} After serving approximately fourteen years of his life sentence, appellant met with the Ohio Adult Parole Authority board ("parole board") in February 1998, when he claims it improperly extended his minimum sentence from twenty to thirty years. According to appellant, the parole board breached the plea agreement he made with the state in May 1984, namely, that "he would be released, with good behavior, at the completion of the minimum sentence," which, according to him was twenty not thirty years. (Defendant's motion for cancellation of plea agreement at p. 3; hearing transcript at p. 5).
 {¶ 5} In February 2001, appellant filed a motion to cancel his plea agreement in the trial court. At the hearing on the motion, appellant's attorney stated that "[w]hen he pled, he pled to a 20 to life." (Hearing transcript at p. 12.) He argued that because appellant had served his twenty years he should be given an early release from prison in accordance with his 1984 plea agreement. The trial court denied appellant's motion. Appellant presents two assignments of error for our review:
 {¶ 6} "I. The Ohio Adult Parole Authority, as an agent of the state of Ohio, has breached the plea agreement and the trial court has erred in overruling appellant's motion for cancellation of the plea agreement and refusing to rescind the 30 year maximum sentence imposed on the defendant.
 {¶ 7} "II. The court erred in holding that it had no jurisdiction to change defendant's sentence and that ORC 2929.20(A)(1) did not apply to this matter."
 {¶ 8} First, we are compelled to comment on the terminology appellant uses when referring to his sentence. Contrary to what he argues, appellant was not "sentenced" to a thirty-year maximum sentence by the parole board. From the record before us,[1] scant as it is, we can assume that the parole board met with appellant in 1998, when he was serving his fourteenth year of a life sentence. At that time, the parole board denied appellant's eligibility for parole and determined that before he could be considered again for parole, he would have to serve sixteen more years. The parole board's determination as to when appellant would again become eligible for parole is not synonomous with "sentencing." Second, we note that the trial court's journal entry does not say what appellant claims it does; it does not promise that he will be released from prison on parole after twenty years.
 {¶ 9} Appellant's improper references to sentencing and his inaccurate description of the judgment entry aside, he is, nonetheless, arguing that the parole board violated his prior plea agreement with the state "when it changed his minimum date for release from twenty to thirty years."
 {¶ 10} As noted in State ex rel. Hattie v. Goldhardt (1994),69 Ohio St.3d 123, 630 N.E.2d 696: "There is no constitutional or inherent right * * * to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal Correctional Complex (1979), 442 U.S. 1, 7, 99 S.Ct. 2100, 2104,60 L.Ed.2d 668, 675. A prisoner who is denied parole is not thereby deprived of "liberty" if state law makes the parole decision discretionary. Stateex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42, 4 OBR 86,446 N.E.2d 169; State ex rel. Ferguson v. Ohio Adult Parole Auth.
(1989), 45 Ohio St.3d 355, 356, 544 N.E.2d 674, 675. * * * Under R.C.2967.03, the parole decision is discretionary." Id.
 {¶ 11} In Robertson v. Ohio Adult Parole Auth., Franklin App. No. 01AP-1111, 2002-Ohio-4303, the tenth district appellate court, faced with a situation similar to that presented in this appeal, stated: "[t]he decision whether and when to grant parole lies within the absolute discretion of the OAPA." Robertson, supra; R.C. 2967.03. When deciding the issue of parole eligibility, the parole board has guidelines it may, but need not, follow. The guidelines are just that: suggestions on how the board might determine an appellant's eligibility for parole. The guidelines do not limit the board's discretion, and a defendant "cannot claim any right to have any particular set of guidelines apply."Robertson at *15-*16, citing Olim v. Wakinekona (1983), 461 U.S. 238,249, 103 S.Ct. 1741, 75 L.Ed.2d 813.
 {¶ 12} In the case at bar, we reject appellant's argument that he was entitled to expect that the parole board would release him after twenty years. Not only is such an expectation contrary to what the trial court said when it sentenced appellant, it is also "insufficient to contravene the authority and discretion granted the OAPA regarding its parole decision. R.C. 2967.03." Id. Appellant is not entitled to be released from prison before he serves his life sentence, the maximum term provided in his sentence. Robertson, supra; See State ex rel. Lanham v.Ohio Adult Parole Auth. (1997), 80 Ohio St.3d 425, 427, 687 N.E.2d 283,284-285.
 {¶ 13} Further, we also affirm the trial court's decision to deny appellant's motion to cancel his plea agreement, because that motion does not comply with Crim.R. 32.1. "Motions to withdraw guilty pleas are governed by Crim.R. 32.1 and, while such requests made before the imposition of sentence are supposed to be granted liberally, those sought after sentencing (in this case twenty years after sentencing) are allowed only upon a showing of manifest injustice." State v. Wright,
2002-Ohio-6096, at ¶ 41, citing State v. Xie (1992),62 Ohio St.3d 521, 527, 584 N.E.2d 715. The decision to grant or deny such a motion is reserved to the sound discretion of the trial court.
 {¶ 14} "Under Crim.R. 32.1, one seeking to withdraw a guilty plea must show that the proceeding during which he entered that plea was extraordinarily and fundamentally flawed. Id. In reviewing the trial court's decision with respect to such motions, this Court looks to the following factors: 1) whether the accused was represented by counsel at the time of the plea; 2) whether the accused received a full hearing under Crim.R. 11 before entering his plea; 3) whether the trial court afforded the accused an impartial hearing on his motion to withdraw the plea; and 4) whether the record establishes that the trial court gave full and fair consideration to the plea withdrawal request." Wright, supra at ¶ 42.
 {¶ 15} It is undisputed that appellant's attorney was present when appellant entered his plea in 1984. Further, appellant had an attorney, although a different one, at the hearing held on his motion to cancel his plea agreement.
 {¶ 16} As to the second factor, on appeal, an appellant has the duty to provide a transcript for appellate review. Without a transcript of the proceedings about which an appellant complains, this court must presume the validity of the proceedings below and affirm. App.R. 9(A);Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384.
 {¶ 17} In the case at bar, appellant has failed to provide this court with a transcript of the proceedings during which appellant entered his plea in 1984.[2] There is nothing in the record before this court to suggest the state promised appellant he would be released from prison after twenty years. The record before this court fails to reveal the plea agreement appellant describes. Without the 1984 hearing transcript we are unable to discern whether appellant agreed to anything more than an amended indictment in exchange for his guilty plea. We must, therefore, presume the regularity of the proceedings below.
 {¶ 18} We also reject appellant's claims, because he failed to provide any acceptable documentation of what the parole board determined in 1998. Even if we assume the parole authority somehow deviated from the trial court's sentence, a position for which we find no support in the record because we do not have the 1984 hearing transcript of appellant's plea, appellant still does not offer, nor do we find, any authority supporting his contention that a life sentence means release after twenty years or that parole eligibility means release on parole. Appellant is not challenging the validity of his life sentence; rather, he argues only that the parole board should have granted him parole and released him from prison in 1998.
 {¶ 19} Even though this court does not have the transcript of the plea hearing, the record in this case is not altogether silent on the nature of the plea he entered in March 1984. The trial court's journal entry from the plea hearing states that appellant was "fully advised of his/her constitutional rights." The record also shows that appellant was represented by counsel at the time of his plea and that he was sentenced to life with eligibility for parole in twenty years. We have, moreover, the transcript of the hearing on appellant's motion to cancel his plea agreement. This record indicates that the trial court afforded him a full and impartial hearing on the motion during which he presented evidence that he was considered for parole after serving fourteen years of his life sentence and that the parole board decided appellant would not be paroled at that time, but that he would become eligible for parole again after serving sixteen more years of his life sentence.
 {¶ 20} On the record before us, there is no reference to any plea agreement beyond the implicit agreement that because appellant pleaded guilty to the amended single charge of aggravated murder, he would receive a life sentence with eligibility for parole in twenty years and thus avoid the possibility of receiving the death penalty. From the record before us, we see no inconsistency between his sentence and the actions of the parole board.
 {¶ 21} As we noted above, it was appellant's duty in this appeal to prove that his plea was given under circumstances that were extraordinary or flawed. Appellant, however, argues not that there is anything wrong with the plea he entered in 1984, only that the parole board did not comply with what he erroneously thought his prison release date would be. Even if we give credence to appellant's argument that he did not realize what a life term with eligibility for parole in twenty years meant, we still could not reverse the trial court because we do not know what the trial court or appellant's attorney explained to appellant about the sentence he received. It is appellant's burden to provide a record. Without more of a record, we must presume that appellant's plea was entered knowingly, intelligently, and voluntarily. We must conclude, therefore, the trial court did not err in denying appellant's motion to cancel his plea agreement.
 {¶ 22} The second assignment states the trial judge erred in failing to change appellant's sentence. Appellant's discussion of this assignment of error implies that the parole board violated the plea agreement he made in 1984. Appellant argues that the trial judge could and should change the decision of the parole board. Appellant does not challenge the trial court's sentence, because he interprets that sentence to be "20 to life" and therefore release after 20 years, not "parole eligibility in 20 years," the sentence actually imposed. Appellant's premise is flawed, as we discussed earlier. However, we will proceed with appellant's argument as he articulated it.
 {¶ 23} What appellant requests here is similar to what was at issue in State v. Wright, supra. In a complaint for declaratory judgment, defendant-appellant "challenged the circumstances surrounding his 1980 guilty plea and the action undertaken by the APA Board in the intervening years that, according to Appellant, resulted in an extension of his prison term to a period much longer than anticipated at the time he agreed to enter his guilty plea. * * * The pleading Appellant filed in the trial court essentially requested an order directing the APA Board to comply with the terms of the plea bargain Appellant entered into more than twenty years ago." In part, the court determined that dismissal was proper because appellant had failed to sue the proper party, namely, the parole board. Instead appellant brought suit against the prosecutor's office.
 {¶ 24} In the case at bar, appellant has not filed a declaratory judgment action, but he did, nonetheless, ask the trial court to vacate what the parole board did and grant him a judicial release from prison. For the same reasons enunciated in Wright, supra, this court cannot override any decision by the parole board, which is not a party to this action. Moreover, appellant is not eligible for judicial release under R.C. 2929.20.[3] This statute applies only to those serving a sentence of ten years or less. Because appellant was sentenced to life, he was not eligible for judicial release.
 {¶ 25} For all of the foregoing reasons, appellant's two assignments of error are not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J. AND COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY.
[1] We know what happened at the parole board solely from what defense counsel reported at the hearing on his motion. That report was not disputed. (Hearing transcript at 5-6.)
[2] At oral argument both counsel stated the transcript of the plea hearing was in the record. We do not, however, find any such transcript in the record before this court.
[3] 2929.20 Judicial release. "(A) As used in this section, `eligible offender' means any person serving a stated prison term of ten years or less when either of the following applies: (1) The stated prison term does not include a mandatory prison term. (2) The stated prison term includes a mandatory prison term, and the person has served the mandatory prison term."