[Cite as *State v. Fussell*, 2016-Ohio-275.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 14 MO 18 |
| VS. | ) | |
| | ) | OPINION |
| JAMES FUSSELL, JR. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common
Pleas of Monroe County, Ohio
Case No. 1978-252

JUDGMENT:      Affirmed

APPEARANCES:
For Plaintiff-Appellee      Attorney James Peters
Monroe County Prosecutor
101 North Main Street, Room 15
Woodsfield, Ohio 43793

For Defendant-Appellant      James Fussell, Jr., Pro Se
#154-973
P.O. Box57
Marion, Ohio 43302

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: January 25, 2016

DeGENARO, J.

{¶1} Pro-se Defendant-Appellant, James Fussell, Jr., appeals the September 14, 2014 and November 25, 2014 judgments of the Monroe County Court of Common Pleas denying his post-conviction petition. On appeal, Fussell asserts that he was entitled to an evidentiary hearing on his petition and that his petition raises meritorious claims regarding the parole board's failure to grant his release from prison.

{¶2} In 1979, Fussell was convicted of two counts of aggravated murder pursuant to R.C. 2903.01 and sentenced to two consecutive terms of 20 years to life in prison. Fussell's conviction and sentence were affirmed on direct appeal and reconsideration. *State v. Fussell*, 7th Dist. No. 527, 1981 WL 4847 (Mar. 6, 1981), 7th Dist. No. 5271981 WL 4859 (Mar. 27, 1981).

{¶3} Fussell filed a petition for post-conviction relief with the Monroe County Court of Common Pleas essentially claiming that because he has been denied parole multiple times by the Parole Board that this somehow violates his two consecutive 20 years to life sentences. On September 18, 2014, the trial court denied the post-conviction petition, without a hearing. In that entry, the trial court simply stated: "The within matter is before the Court on Defendant's pro se Petition for Post Conviction Relief as filed on August 19, 2014. Upon review, the Court finds such Petition to be not well-taken and the same is hereby **denied**. Costs to Defendant." (Emphasis sic.)

{¶4} Fussell filed a timely notice of appeal with this court. This court issued a limited remand for the trial court to provide reasoning for its summary denial of the petition. The trial court issued a judgment entry incorporating findings of fact and conclusions of law. Therein, the trial court denied the petition as untimely and because the Parole Board's denial of his requests for parole are not justifiable reasons under the statute to grant his request for post-conviction relief.

{¶5} Fussell asserts three assignments of error which are interrelated:

Trial Courts [sic] Fact-Findings and Conclusions of Law Ruling that my Post Conviction Petition is un-timely is incorrect and/or does not authoritatively rise to a level to deny Post Conviction relief and/or to an

Evidentiary Hearing to assure an [sic] Miscarriage of Justice had not occurred from an [sic] claim of breach.

Trial Court created an [sic] Miscarriage of Justice when dismissing as "Not Well-Taken" a timely Petition for Post Conviction relief raising that an [sic] breach of the sentencing agreement has been violated.

The Trial Court at sentencing issued a sentence which is a parolable sentence however the D.R.C. via Parole Board have violated that agreement (contract) by continually denying me parole based on the nature of the offense, which violates Double-Jeopardy, and/or by treating me as if I am not parolable thereby denying me due process of law.

{¶6} An appellate court reviews a trial court's denial of a petition for post-conviction relief under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. "An abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *Downie v. Montgomery*, 7th Dist. No. 12 CO 43, 2013–Ohio–5552, ¶ 50.

{¶7} R.C. 2953.21 and R.C. 2953.23 govern petitions for post-conviction relief. Relief from a judgment or sentence is available for a person convicted of a criminal offense who shows that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" R.C. 2953.21(A)(1)(a).

{¶8} A timely petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.] * * * If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later

than one hundred eighty days after the expiration of the time for filing the appeal." Former R.C. 2953.21(A)(2).

{¶9} There is an exception to the 180–day requirement. A petitioner may file a delayed petition only if the following apply: (a) he "shows that [he] was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief[,]" or if the "United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right," and (b) he "shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty[.]" R.C. 2953.23(A)(1)(a) and (b).

{¶10} Fussell filed a direct appeal of his conviction and sentence on June 6, 1979 and the trial transcript was filed with the court of appeals December 5, 1979. More than 35 years have passed since the trial transcript was filed, well beyond the 180-day filing requirement and Fussell made no attempt to explain the untimeliness of his petition pursuant to R.C. 2953.23(A)(1)(a) and (b). Accordingly, the trial court lacked jurisdiction to consider Fussell's motion and properly overruled it. *See, e.g., State v. Bake*, 7th Dist. No. 05 BE 29, 2006–Ohio–4858, ¶ 7.

{¶11} When a trial court lacks jurisdiction to consider an untimely petition, it is not necessary for the court to hold an evidentiary hearing on that petition. *State v. Foster*, 10th Dist. No. 09AP–227, 2009–Ohio–5202, ¶ 8. Even when the court has jurisdiction, the post-conviction relief statutes do "not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Rather, in addressing a petition for post-conviction relief, a trial court plays a gatekeeping role as to whether a defendant will receive a hearing. *State v. Gondor*, 112 Ohio St.3d 377, at ¶ 51. A trial court may dismiss a petition for post-conviction relief without a hearing " 'where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.' " *Id.* at ¶ 51, quoting *State v.*

*Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905, at paragraph two of the syllabus.

{¶12} Even if we overlook the untimeliness issue, the petition nonetheless fails. "[T]here is no constitutional or inherent right * * * to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The decision whether and when to grant parole lies within the absolute discretion of the Ohio Adult Parole Authority. *See* R.C. 2967.03; *State ex rel. Ferguson v. Ohio Adult Parole Auth.*, 45 Ohio St.3d 355, 544 N.E.2d 674 (1989) (denying prisoner's mandamus); *State ex rel. Blake v. Shoemaker*, 4 Ohio St.3d 42, 43, 446 N.E.2d 169 (1983) (same). "[I]t is clear that the decision to deny parole is not subject to judicial review." *Linger v. Ohio Adult Parole Auth.*, 10th Dist. No. 97APE04-482, 1997 WL 638411, *3 (Oct. 14, 1997). Accordingly, the Parole Board's denials of Fussell's requests for parole are not valid reasons under the statute to grant his request for post-conviction relief.

{¶13} Fussell's assignments of error are meritless as his post-conviction petition is untimely and fails to state a substantive ground for post-conviction relief. Accordingly, the judgment of the trial court is affirmed.


Donofrio, P. J., concurs

Robb, J., concurs