OPINION
Plaintiff-appellant, John A. Tomlin, appeals the June 14, 2001 decision of the Franklin County Court of Common Pleas granting defendants-appellees', Ohio Adult Parole Authority ("OAPA"), motion for summary judgment filed March 1, 2001, and decision denying his cross-motion for summary judgment filed March 15, 2001. For the following reasons, we affirm.
On June 18, 1986, appellant pled guilty to, and was convicted of, voluntary manslaughter. Appellant was sentenced to eight to thirty years incarceration and is currently serving his sentence at the London Correctional Facility.[1]
On October 22, 1998, appellant made an appearance before the parole board.[2] Appellant alleges that the parole board denied his parole because it determined his offense to be a Category 11, Risk Factor 5, for murder rather than a Category 9, Risk Factor 5, for voluntary manslaughter. As a result, the parole board informed appellant that he would not be eligible for parole until after serving two hundred forty to three hundred months, as opposed to serving one hundred thirty-two to one hundred sixty-eight months. As such, the parole board continued appellant's parole hearing to October 1, 2006.
On March 31, 2000, appellant filed a complaint for declaratory judgment against the OAPA. In his complaint, appellant alleged that the OAPA ignored the parole guidelines by placing him in the wrong category for parole consideration, therefore, violating the separation of powers doctrine in its determination that he should not be granted a parole. Appellant also alleged that the OAPA breached a plea agreement he entered into with the prosecuting attorney, by placing him in the wrong offense category for parole consideration.
On May 8, 2000, the OAPA filed a motion to dismiss appellant's complaint for failure to state a claim and, on May 25, 2000, appellant filed a memorandum in opposition to the OAPA's motion to dismiss. On August 1, 2000, the trial court, in finding that a real controversy existed that is justiciable, denied the OAPA's motion to dismiss. See decision and entry denying the OAPA's motion to dismiss complaint, filed May 8, 2000, dated August 1, 2000.
On January 4, 2001, the OAPA filed a motion for enlargement of time to file a dispositive motion. On March 13, 2001, the trial court granted the motion and determined that the OAPA's March 1, 2001 motion for summary judgment was timely. On March 15, 2001, appellant filed a memorandum contra to the OAPA's summary judgment motion, along with a cross-motion for summary judgment. On June 14, 2001, the trial court granted the OAPA's motion for summary judgment and denied appellant's cross-motion for summary judgment.[3] It is from this decision that appellant appeals, raising the following sole assignment of error:
 Assignment of Error One: The trial court erred to the prejudice of the plaintiff when it concluded that the appellant's guilty plea to a criminal offense of voluntary manslaughter, in exchange for the dismissal of an originally indicted offense of murder, is not a contract which contemplates an implicit understanding on the part of the appellant that he will be treated as a voluntary manslaughter offender pursuant to the plea agreement, and be considered eligible for parole at the expiration of his minimum sentence as calculated pursuant to R.C. §§ 2967.13 and 2967.19.
In his sole assignment of error, appellant contends that the trial court erred in granting summary judgment when it determined that he failed to show that the OAPA breached a plea agreement with him, and that the OAPA has absolute discretion over whether or not to grant parole.
Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 * * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
Appellate review of summary judgments is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. [See Dresher; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41-42.]
In this case, appellant asserts that the OAPA's application of the parole board guidelines increased the statutorily set minimum term of imprisonment, which he must serve in prison before being considered for parole. Appellant argues that such an application that exceeds the time limits established by state statute violated the state and federal separation of powers doctrine. Appellant further contends that because state statutory law and not the OAPA's parole guidelines determines when an inmate would be eligible for parole, the trial court should issue a permanent injunction barring OAPA's discretion and application of the guidelines in determining an inmate's parole eligibility date. This court has previously held that:
 Under R.C. 2967.03, the parole decision is discretionary. State ex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42, 4 OBR 86, 446 N.E.2d 169; State ex rel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355, 544 N.E.2d 674. The OAPA's use of internal guidelines does not alter the decision's discretionary nature. State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, 125, 630 N.E.2d 696, 697-698. Because neither statute nor regulation created the guidelines, and the board need not follow them, they place no `substantive limits on official discretion,' and appellant cannot claim any right to have any particular set of guidelines apply. Olim v. Wakinekona (1983), 461 U.S. 238, 239, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813, 816-817. [Thompson v. Ghee (2000), 139 Ohio App.3d 195, 200.]
Harris v. Wilkinson (Nov. 27, 2001), Franklin App. No. 01AP-598, unreported; Wilburn v. Ohio Dept. of Rehab. Corr. (Nov. 27, 2001), Franklin App. No. 01AP-198, unreported. Ever since parole has existed in the state of Ohio, the executive branch (the OAPA) has had absolute discretion over the time that an offender has served on parole. State ex rel. Atty. Gen. v. Peters (1885), 43 Ohio St. 629. See, State ex rel. Cannon v. Ohio Dept of Rehab. Corr. (Oct. 31, 2000), Franklin App. No. 00AP-327, unreported (the OAPA has broad powers under R.C. 2967.03); State v. Brown (Feb. 20, 1991), Hamilton App. No. C-900007, unreported (Section 11, Article III, Ohio Constitution reserves exclusive power to the executive branch to grant relief from the trial court's sentence through parole). Since under Ohio law the parole board's decisions are discretionary, appellant's rights were not violated when the OAPA placed him in a separate category for parole consideration, thereby increasing the amount of time he had to serve in prison from one hundred thirty-two to one hundred sixty-eight months to two hundred forty to three hundred months. Accordingly, appellant's argument is without merit and is not well-taken.
As to appellant's claim that the OAPA breached their plea agreement by using his indicted offense of murder rather than the plea to the offense of voluntary manslaughter in considering whether he was suitable for parole, we disagree. It is well established that the OAPA has the discretion to consider crimes for which an appellant is indicted but not convicted when assessing whether to grant parole. State ex rel. Askew v. Goldhart (1996), 75 Ohio St.3d 608, 609; Harris, supra; Nobles v. Ohio Dept. of Rehab. Corr. (Dec. 5, 2000), Franklin App. No. 00AP-200, unreported; Randolph v. Ohio Adult Parole Auth. (Jan. 21, 2000), Miami App. No. 99 CA 17, unreported; Talbert v. Ohio Adult Parole Auth. (June 12, 2001), Franklin App. No. 00AP-1461, unreported; Ohio Adm. Code5120:1-1-07(C)(12) and (16). Although an indictment is a mere accusation, here it indicates the grand jury found probable cause to believe appellant committed the offense of murder. See Askew, at 609-610. Although appellant alleged in his complaint, and argues here, that the prosecutor had promised him that the indicted offense of murder could not or would not be considered by the OAPA when it determined his request for parole, he failed to present any evidence of the existence of such agreement, and failed to set forth any evidence to contradict the prosecutor's statements. Appellant's unilateral expectations as a result of dealing with the prosecutor are insufficient to create a genuine issue of material fact as to withstand a motion for summary judgment. See State v. Callahan (Oct. 6, 2000), Montgomery App. No. 18237, unreported. The OAPA could have used the charged offense of murder in determining whether to grant or deny appellant's parole. As a result, appellant's complaint failed to allege any facts for which he could be entitled to relief in this regard. For the foregoing reasons, appellant's argument lacks merit and his assignment of error is not well-taken.
For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and BRYANT, J., concur.
[1] Appellant was sentenced to six to twenty-five years for voluntary manslaughter. Appellant was ordered to serve this sentence consecutively with a prior conviction for breaking and entering. As a result, appellant was sentenced to the aggregate term of eight to thirty years incarceration. (Complaint, paragraph 1.)
[2] Appellant alleges that this was his fourth appearance before the parole board. Appellant asserts that his parole hearings were continued from October 16, 1991 to October 25, 1995; from October 25, 1995 to June 9, 1997; and from June 9, 1997 to October 22, 1998. (Motion for declaratory judgment, filed March 31, 2000, at 3.)
[3] The trial court determined that appellant did not request leave of the trial court to file a dispositive motion past the January 5, 2001 dispositive motion deadline. Thus, the trial court only considered appellant's memorandum contra to the OAPA's motion for summary judgment.