ROSE *v.* HASKINS, SUPT., LONDON CORRECTIONAL INSTITUTION.

(No. 69-503—Decided February 4, 1970.)

*Mr. Herbert E. Rose, in propria persona.*

*Mr. Paul W. Brown,* attorney general, and *Mr. James S. Rood,* for appellee.

*Per Curiam.* It is well established in Ohio law that parole is a matter of grace. While parole is a release from confinement, the parolee is still in the legal custody of the Department of Mental Hygiene and Correction. *In re Varner,* 166 Ohio St. 340. See, also, *State, ex rel. London,* v. *Pardon and Parole Comm.,* 2 Ohio St. 2d 224; *Barnhard* v. *Maxwell,* 2 Ohio St. 2d 308. As such, a parolee has only privileges and not the claimed constitutional rights afforded him prior to conviction. Petitioner has urged these same issues in the federal courts and has been denied relief. See *Rose* v. *Haskins,* 388 F. 2d 91.

We believe that the decision in *Rose* v. *Haskins,* 388 F. 2d 91, adequately disposes of petitioner's federal constitutional claims. Judge Weick, at page 95, therein, states:

"The constitutional rights of Rose, which he claims were violated, apply *prior* to conviction. They are not applicable to a convicted felon whose convictions and sentences are valid and unassailable, and whose sentences have not been served. A state prisoner does not have a constitutional right to a hearing on a state parole revocation."

He states further, at page 97:

96

"We do not regard the recent decision of the Supreme Court in *Mempa* v. *Rhay*, 389 U. S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967) as throwing light on our problem. In that case sentencing in the state court had been deferred subject to probation. The case was still pending in the state court. The Supreme Court held that the defendant was entitled to counsel at the sentencing when probation was revoked.

"In the present case, the sentencing had been completed in 1961 and 1963. Jurisdiction of the state court had terminated and Rose was in custody of the state prison authorities. No question is involved as to validity of the judgments of conviction or the sentencing. Involved here is not judicial power, but state prison discipline administered by the state parole board."

The questions raised under the Ohio Constitution are likewise not well taken because of our similar reasoning in *In re Varner, supra.*

Appellee's motion to dismiss the petition is sustained and the petitioner is remanded to custody.

*Petitioner remanded to custody.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.