WALLS ET AL. *v.* HASKINS, SUPT., LONDON CORRECTIONAL
INSTITUTION, ET AL.

[Cite as Walls v. Haskins (1970), 24 Ohio St. 2d 36.]

(No. 70-165—Decided September 24, 1970.)

*Mr. Richard S. Donahey,* for petitioners.
*Mr. Paul W. Brown,* attorney general, and *Mr. James
L. Hoover,* for respondents.

*Per Curiam.* This is an action in habeas corpus orig-
inating in this court. Both petitioners are convicted felons
who, after a period of incarceration, were placed on parole
and whose paroles were revoked. The petitioners, as a
result of the parole revocations, are presently incarcerated
in Ohio penal institutions.

Petitioners present two basic questions:

1. Is a parolee, whose parole is revoked, entitled to a
review of the action of the Adult Parole Authority revok-
ing the parole where it is alleged that constitutional viola-
tions occurred at the parole revocation hearing?

2. At a parole revocation hearing, is the parolee en-
titled to counsel and to the privilege against self-incrimina-
tion, and, if necessary, will counsel be furnished at state
expense?

It is petitioners' position that where it is alleged that
constitutional violations have occurred at the hearing, due
process requires a review of such proceeding, and that,

inasmuch as there is no statutory provision for appeal from a parole revocation and the postconviction remedy statutes are not applicable, the only method of review is by habeas corpus.

Petitioners recognize the holding in *In re Varner*, 166 Ohio St. 340, and subsequent cases which hold that neither habeas corpus nor mandamus may be used as a means of review of alleged violations of constitutional rights by the parole authorities. They urge that those decisions should be reviewed, and that the holdings therein should be reversed. It is their position that due process requires a hearing, and a means to review such hearing.

Petitioners' arguments are based upon the right to a judicial review of a judgment of conviction.

The weakness of that argument as to the right to review of a parole revocation hearing is that parole is purely a matter of grace, not of right. There is no legal duty on the state to grant a parole; there is no right to a review of its revocation. *Rose* v. *Haskins*, 21 Ohio St. 2d 94.

Petitioners' second contention is that they are entitled to all their constitutional rights at a parole revocation hearing. Primarily, they are arguing that a parolee has a right to counsel and to state-appointed counsel, if indigent.

They base their argument primarily on *Mempa* v. *Rhay*, 389 U. S. 128. *Mempa* related to the revocation of probation and sentencing thereafter, not to parole. The difference in the two situations is obvious. At the time of a probation violation hearing the accused has not yet been sentenced and the law has generally required that counsel be present at the time of sentencing; at a parole revocation hearing the parolee has already been sentenced and he is at large only by virtue of his parole.

The claimed constitutional rights of a parolee at a parole revocation hearing were considered by this court just this year in *Rose* v. *Haskins*, 21 Ohio St. 2d 94, in

**38**

which it was determined that such constitutional rights do not attach to a parole revocation.

*Petitioners remanded to custody.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN, CORRIGAN and STERN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.