**MURPHY**

v.

**ADULT PAROLE AUTHORITY.**

Court of Claims of Ohio.

No. 97–048880.

Decided April 13, 1999.

*Michael V. Murphy,* pro se.

*Betty D. Montgomery,* Attorney General, and *James P. Dinsmore,* Assistant Attorney General, for defendant.

---

KEVIN W. POPHAM, Magistrate.

In his complaint, plaintiff alleges that defendant is liable for false imprisonment resulting from his parole revocation. Defendant denies any liability. Pursuant to Civ.R. 53, the court appointed the undersigned magistrate to hear the evidence regarding both liability and damages. Upon the close of plaintiff's case, the magistrate granted defendant's motion to dismiss pursuant to Civ.R. 41(B).

Plaintiff is an inmate in the custody and control of the Ohio Department of Rehabilitation and Correction pursuant to R.C. 5120.16. Plaintiff was sentenced

to a term of five to twenty-five years on an aggravated robbery conviction and entered the state's penal system in November 1983. In July 1996, plaintiff was placed on parole. As a condition of his parole, plaintiff was assigned to a halfway house program. In August 1996, plaintiff was terminated from the halfway house program for three alleged parole violations. On August 6, 1996, a hearing officer found that there was insufficient evidence to convict plaintiff on two of the violations. However, plaintiff admitted to being unsuccessfully terminated from the halfway house program, which was a violation of his parole. As a result of the termination, defendant revoked plaintiff's parole, effective August 6, 1996. Plaintiff alleges that defendant wrongfully revoked his parole by basing the revocation on the two charges of which plaintiff was acquitted. Plaintiff further alleges that defendant is liable for false imprisonment.

False imprisonment occurs when a person confines another intentionally " 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.' " *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71, 4 O.O.3d 158, 159, 362 N.E.2d 646, 647, quoting 1 Harper & James, The Law of Torts (1956) 226, Section 3.7. "Once the initial privilege expires, the justification for continued confinement expires and possible liability for false imprisonment begins." *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, 573 N.E.2d 633, 636.

Pursuant to R.C. 2743.02(A)(1), the state may be held liable for the false imprisonment of its prisoners. *Bennett, supra,* 60 Ohio St.3d at 110, 573 N.E.2d at 637. In November 1983, plaintiff was sentenced to a maximum term of incarceration of twenty-five years. Defendant has a lawful privilege to confine plaintiff until the expiration of his maximum sentence, which expires in 2008. Accordingly, the magistrate finds that plaintiff is not being falsely imprisoned.

Plaintiff further asserts that defendant wrongfully revoked his parole. However, there is no constitutional or statutory right to parole. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129–1130. As there is no legal duty on the state to grant parole, there is no right to a review of its revocation. *Rose v. Haskins* (1970), 21 Ohio St.2d 94, 50 O.O.2d 204, 255 N.E.2d 260. Accordingly, the magistrate finds that this court is without jurisdiction to review plaintiff's parole revocation.

Based upon the foregoing analysis, the magistrate granted defendant's motion to dismiss.

*Complaint dismissed.*

JUDGMENT ENTRY█

Decided May 12, 1999

J. WARREN BETTIS, Judge.

On April 13, 1999, the magistrate dismissed plaintiff's case. Plaintiff has not filed objections to the magistrate's decision pursuant to Civ.R. 53(E)(3). Accordingly, the court adopts the magistrate's decision. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

J. WARREN BETTIS, J., retired, of the Columbiana County Court of Common Pleas, sitting by assignment.