This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Thurston Henderson ("Henderson"), appeals a judgment of the Lorain County Court of Common Pleas which found Henderson guilty of escape. We affirm.
 I. {¶ 2} Henderson was sentenced to 15 years to life on a charge of murder; however the sentence was later commuted to 8 years to life. Twice while serving this sentence, Henderson was awarded parole; however, both times he was found in violation of his parole, and he was re-incarcerated.
 {¶ 3} Each time Henderson was paroled, the parole duration was for a minimum of five years. At the end of the five years, if there had been no violations, Henderson would have been eligible to seek a final release from parole and his sentence.
 {¶ 4} The instant case represents Henderson's third attempt at successfully completing a parole term. In contrast to his prior parole conditions, in this instance the Certificate of Parole/Release Authorization, as well as the Conditions of Parole document, indicated that the parole period was to be for one year. During the course of the year, Henderson reported as ordered and was not found violating the terms of his parole. When Henderson requested a final release, the parole officer noticed the one-year parole duration, a duration which was contrary to the parole authority's internal policy of a five-year minimum parole on a murder charge. The parole officer changed the parole duration to five years and ordered Henderson to sign it under threat of parole violation. Henderson did so "under protest," and after discussing the matter with an attorney. The attorney sent a letter to the parole officer stating that the action of extending probation was contrary to law and the parole office should take steps to release Henderson from parole. No one from the parole authority responded to the letter, and the attorney made no further contact and filed no actions on behalf of Henderson.
 {¶ 5} Henderson left Ohio to travel to New Jersey where he was arrested on charges of making terrorist threats, promoting prostitution, and assault. A New Jersey police officer informed Henderson's parole officer of the arrest; however, the New Jersey charges were dropped. When he returned to Ohio, Henderson discovered, via the internet, that the parole authority considered him a "violator at large" and there was an outstanding warrant for his arrest. Henderson did not turn himself in or report to his parole authority.
 {¶ 6} Local police were alerted at roll call to look for Henderson while on patrol, and they were given a description of Henderson's car. The car was located at the address of one of Henderson's friends. When officers went to the friend's door, she told the officers that Henderson was not there. The officers left and waited outside for about twenty minutes. The officers then saw Henderson leaving the friend's apartment, and they arrested Henderson on the warrant.
 {¶ 7} Henderson was charged with escape pursuant to R.C. 2921.34(A), a felony of the second degree. Henderson elected to try his case to the bench, raising the affirmative defense of R.C. 2921.34(B)(2) (authorities knew or should have known there was no legal basis for detention). Ultimately, Henderson was convicted.
 {¶ 8} This appeal followed. Henderson raises two assignments of error, with four subsections to the first assignment of error. We will examine subsection D of the first assignment of error separately, and address the other arguments in order.
 II. Assignment of Error No. 1, Sub-Sections A, B, and C {¶ 9} "THE TRIAL COURT ERRED IN FINDING THAT THERE WAS SUFFICIENT EVIDENCE TO CONVICT DEFENDANT OF ESCAPE FOR FAILURE TO REPORT WHEN DEFENDANT PROVED, BY A PREPONDERANCE OF THE EVIDENCE, THAT THERE WAS IRREGULARITY IN BRINGING ABOUT OR MAINTAINING DETENTION SUCH THAT THE DETAINING AUTHORITY KNEW OF SHOULD HAVE KNOWN THAT IT HAD NO LEGAL AUTHORITY FOR THE DETENTION BECAUSE:
 {¶ 10} "(A) THE APA HAD NO DISCRETION — UNDER THESE FACTS — TO EXTEND DEFENDANT'S TIME ON PAROLE FROM 1 YEAR TO 5 YEARS[;]
 {¶ 11} "(B) THE APA ABUSED ITS DISCRETION IN EXTENDING DEFENDANT'S TIME ON PAROLE FROM 1 YEAR TO 5 YEARS[;]
 {¶ 12} "(C) DEFENDANT HAD SERVED HIS SENTENCE[.]"
 {¶ 13} In this assignment of error, Henderson argues that he has shown by a preponderance of the evidence that he was not an escapee because he proved the affirmative defense codified at R.C. 2921.34(B)(2). This statute provides that escape charges cannot be sustained where the charging authority knew or should have known there was no legal basis for detainment. Henderson maintains that detention was illegal because he proved that the Adult Parol Authority ("APA") had no discretion to extend parole, that the APA abused its discretion in extending his parole, and that he had served his murder sentence in its entirety and the APA could not extend that sentence by adding parole violations. We disagree.
 {¶ 14} Initially, we note that although the language of Henderson's first assignment of error challenges sufficiency, the arguments presented actually pertain to the manifest weight of the evidence. This Court notes that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion."State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). In making this determination, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 15} The defendant carries the burden of proving all the elements of an affirmative defense and must prove the affirmative defense by a preponderance of the evidence. State v. Vargo (1927),116 Ohio St. 495, 507.
 {¶ 16} The decision of the OAPA to grant a final release from parole supervision is discretionary. State ex rel. Blake v. Shoemaker
(1983), 4 Ohio St.3d 42, 43. The statute does not mandate a parole release; thus, it does not create a protected statutory entitlement to release from parole. See id. R.C. 2967.16 does not confer a right to a final release of a parolee. State ex rel. Duganitz v. Ohio Adult ParoleAuth. (1996), 77 Ohio St.3d 190, 192.
 {¶ 17} In any circumstance, the parole authority may not grant a final release before one year has elapsed from the date the parole commenced. R.C. 2967.16(A). Additionally, where the trial court has imposed a minimum sentence of life imprisonment, a final release may not be granted earlier than five years. Id. When a parolee has satisfied the conditions, obligations, rules, and regulations of the parole applicable to the parolee, the parole authority may issue a final release. Id.
 {¶ 18} Henderson argues that R.C. 2967.16 states that parole may not exceed one year for all cases that do not have a minimum sentence of life imprisonment. Therefore, Henderson claims that because he did not receive a minimum life sentence, the APA may not set his parole at more than one year. Further, Henderson argues that the APA's internal policy of a five year parole for murder convictions is contrary to the statute. Therefore, Henderson states, a conviction for escape is contrary to law because the APA had no authority over him after a year's passage of time with no new parole violations. These arguments are without merit.
 {¶ 19} The granting of a parole is always discretionary with the APA. Once parole is granted, R.C. 2967.16 sets limited guidelines. The statute sets two minimums for parole duration: a one year minimum regardless of the offense, and five years minimum when the sentence is a minimum of life imprisonment. R.C. 2967.16 does not mandate a parole release prior to the expiration of a parolee's maximum term of potential imprisonment. In Henderson's case, his parole cannot be for less than one year; however, the only maximum imposed on his parole is the upper end of his sentence: life imprisonment. Therefore the APA's internal policy of five years parole on a murder charge is not contrary to the statute.
 {¶ 20} Additionally, even if Henderson has satisfied all conditions of his parole such that he is eligible to seek final release, the granting of the final release remains discretionary by the terms of the statute, be it at the end of one year, or five, or more.
 {¶ 21} Henderson also argues that because he has served the lower end of his sentence, eight years, the parole authority is abusing its discretion by adding additional time for parole violations. Henderson's sentence, however, was not for a maximum of eight years, but a maximum of life imprisonment. He is not entitled to release before the maximum of his sentence has expired. It is conceivable that Henderson will spend many more years in detainment before he is finally free from the system, especially given the discretion awarded to the APA.
 {¶ 22} For the above stated reasons, we hold that Henderson has not met his burden of proof on the affirmative defense of unlawful detainment, and his conviction is not against the manifest weight of the evidence. Further, we find no miscarriage of justice such that would warrant a new trial. These three sections of the first assignment of error are overruled.
 Assignment of Error No. 2 {¶ 23} "DEFENDANT'S CONSITUTITONAL RIGHTS TO DUE PROCESS WERE VIOLATED BY THE OAPA WHEN IT SIGNIFICANTLY EXTENDED DEFENDANT'S TIME ON PAROLE WITHOUT CAUSE[.]"
 {¶ 24} "[P]arole is purely a matter of grace, not of right." Wallsv. Haskins (1970), 24 Ohio St.2d 36, 37, citing Rose v. Haskins (1970),21 Ohio St.2d 94. Constitutional rights do not attach to a parole revocation. Id. A prisoner who is denied parole is not deprived of liberty if state law makes the parole decision discretionary. State exrel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42, 42-43. There is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal Correctional Complex (1979), 442 U.S. 1, 7, 60 L.Ed.2d 668.
 {¶ 25} As previously noted, the decision of the OAPA to grant a final release from parole supervision is discretionary. Blake,4 Ohio St.3d at 43. The statute does not mandate a parole release, thus it does not create a protected statutory entitlement to release from parole. Id.
 {¶ 26} It is axiomatic that there is no constitutional right to parole, or to a final release from parole, where the statute makes parole or release discretionary. R.C. 2967.16 grants discretion to the APA to determine if a final release from parole is warranted. Therefore Henderson's due process rights have not been offended by an extension of his parole period. The second assignment of error is overruled.
 Assignment of Error No. 1, Sub-Section D {¶ 27} "THE TRIAL COURT ERRED IN FINDING THAT THERE WAS SUFFICIENT EVIDENCE TO CONVICT DEFENDANT OF ESCAPE FOR FAILURE TO REPORT WHEN DEFENDANT PROVED, BY A PREPONDERANCE OF THE EVIDENCE, THAT THERE WAS IRREGULARITY IN BRINGING ABOUT OR MAINTAINING DETENTION SUCH THAT THE DETAINING AUTHORITY KNEW OF SHOULD HAVE KNOWN THAT IT HAD NO LEGAL AUTHORITY FOR THE DETENTION BECAUSE:
 {¶ 28} "(D) THE GENERAL ASSEMBLY HAS NEVER AMENDED ORC 2967.021(A) TO INCLUDE PRE-SENATE BILL 2 PAROLEES UNDER THE CLASS OF PERSONS WHO COULD BE CHARGED WITH ESCAPE[.]"
 {¶ 29} In Henderson's first assignment of error, sub-section D, he argues that there was no legal basis for his detention for escape because he is not within the class of persons who can be charged under R.C.2967.021(A).
 {¶ 30} Initially, we note that in this assignment of error, Henderson is proffering an argument not raised below. Henderson asks us to apply the plain error doctrine in addressing this argument.
 {¶ 31} Crim.R. 52(B) provides for the notice of plain errors: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Ohio Supreme Court has recognized that the plain error doctrine should be applied sparingly, and only when necessary to prevent a clear miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. See also, State v. Wolery (1976), 46 Ohio St.2d 316, 327.
 {¶ 32} Having thoroughly reviewed the record, we determine that there is no plain error in this instance. This section of Henderson's first assignment of error is overruled.
 III. {¶ 33} Henderson's two assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
 {¶ 34} The Court finds that there were reasonable grounds for this appeal.
 {¶ 35} We order that a special mandate issue out of this Court, directing the , County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
 {¶ 36} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
CARR, J. and WHITMORE, J., concur.