JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Gerard Davis, avers that respondent, the Ohio Adult Parole Authority ("OAPA") released him on parole effective October 27, 2003. Attached to the complaint is a "Certificate of Parole/Release Authorization" in which OAPA represented at the time of Davis's release that he would be eligible for final release consideration after not less than two years. Davis complains that OAPA has extended this period of time from two years to five years. Davis requests that he receive his final release and that he be removed from parole.
 {¶ 2} OAPA has filed a motion to dismiss Davis's complaint. For the reasons stated below, we agree.
 {¶ 3} The criteria for the issuance of a writ of prohibition are well-established.
"In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. State ex rel. White v. Junkin
(1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268."
State ex rel. Wright v. Ohio Bur. of Motor Vehicles,87 Ohio St.3d 184, 185, 1999-Ohio-1041, 718 N.E.2d 908.
 {¶ 4} OAPA argues that OAPA's action is executive in nature rather than judicial. Cf. Rose v. Haskins (1970),21 Ohio St.2d 94, 255 N.E.2d 260. Davis has not, however, provided this court with any controlling authority for the proposition that OAPA's decision that Davis will remain on parole is judicial or quasi-judicial. Similarly, Davis has not demonstrated that OAPA's action is unauthorized by law. As a consequence, we must hold that Davis has not met the criteria for relief in prohibition.
 {¶ 5} Additionally, respondent argues that res judicata bars Davis's attempt to secure relief in prohibition in this court. We agree.
 {¶ 6} In Davis v. Ohio Adult Parole Auth., Supreme Court of Ohio Case No. 2006-0239, Davis asserted the same facts and sought the same relief as he does in this action. The Supreme Court dismissed Case No. 2006-0239. [We take judicial notice of his complaint and the dismissal filed in Case No. 2006-0239 which accompany respondent's motion to dismiss. See Evid.R. 201 andState ex rel. Klimkowski v. Sikora, Cuyahoga App. No. 81951, 2002-Ohio-6339.]
"Under the doctrine of res judicata, "`[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" Kelm v.Kelm (2001), 92 Ohio St. 3d 223, 227, 749 N.E.2d 299, quotingGrava v. Parkman Twp. (1995), 73 Ohio St. 3d 379,653 N.E.2d 226, syllabus. Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit. Id."
Hughes v. Calabrese, 95 Ohio St.3d 334, 2002-Ohio-2217,767 N.E.2d 725, at ¶ 12. Despite Davis's protestations to the contrary, the Supreme Court's dismissal of Case No. 2006-0239 constitutes a dismissal on the merits. Hughes, supra, at ¶ 13. Res judicata does, therefore, bar this action.
 {¶ 7} Davis's complaint and supporting documentation also are defective in ways that require dismissal. The caption of a complaint in prohibition must reflect that the action is brought on relation of the state. Davis has failed to properly caption his complaint, which is grounds for dismissal. Thomas v.McGinty, Cuyahoga App. No. 87051, 2005-Ohio-6481, at ¶ 2.
"* * * Additionally, relator `did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.' State exrel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000),88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420."
State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, relator has fail to support his complaint with the affidavit required by R.C.2969.25(A), so we deny his claim of indigency and order him to pay costs. Additionally, the failure to comply with R.C. 2969.25
warrants dismissal of a complaint for a writ of prohibition.Broom v. McMonagle, Cuyahoga App. No. 81574, 2002-Ohio-4793.
 {¶ 8} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
Sweeney, J., and Calabrese, Jr., concur.