HEMPHILL, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as *Hemphill v. Ohio Adult Parole
Auth.* (1991), 61 Ohio St.3d 385.]

(No. 90–2525—Submitted April 16, 1991—Decided August 14, 1991.)

*John Hemphill, pro se.*

*Lee I. Fisher,* Attorney General, and *Steven W. Ritz,* for appellee.

*Per Curiam.* We affirm the court of appeals' decision for the reasons stated in its opinion.

In order for a writ of prohibition to lie, three requirements must be satisfied: (1) the court or officer against whom it is sought must be about to

exercise judicial or quasi-judicial power, (2) the exercise of such power must be unauthorized by law, and (3) it will result in an injury for which no other adequate remedy exists. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. However, Hemphill seeks, in part, to compel action on the part of the Parole Board; he wants to be released on parole or be granted a new hearing. The court of appeals considered this a request for a writ of mandamus, and not one for a writ of prohibition, but held that appellant could not prevail under either cause of action.

Appellant essentially objects to being questioned about other alleged crimes with which he was not charged. In *State, ex rel. Lipschutz, v. Shoemaker* (1990), 49 Ohio St.3d 88, 551 N.E.2d 160, we rejected an inmate's claim that the Parole Board could not consider crimes which did not result in conviction. We noted that Ohio Adm.Code 5120:1-1-08 expressly permits consideration of the inmate's pattern of criminal or delinquent behavior prior to the current term of imprisonment as well as consideration of any other factors which the Parole Board determines to be relevant. We also noted that the Adult Parole Authority has broad powers under R.C. 2967.03 to investigate and examine the mental and moral qualities and characteristics of an inmate, and the Parole Board can consider such alleged offenses if there is a rational basis for doing so. *Id.* Moreover, in *State, ex rel. Ferguson, v. Ohio Adult Parole Auth.* (1989), 45 Ohio St.3d 355, 544 N.E.2d 674, we held that consideration of crimes that do not result in convictions is not a basis for a denial-of-due-process claim.

In the present case, the Parole Board merely questioned Hemphill about the alleged offenses because there were indications in the board's records about alleged crimes. R.C. 2967.03 expressly provides for such an examination and, therefore, it is within the discretion of the board to make such inquiries.

*Judgment affirmed.*

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.