OPINION
This is an appeal from an order of the court of common pleas granting the State's motion to dismiss the Defendant's petition for post-conviction relief., Defendant, Clellan Callahan, entered a plea of guilty on September 2, 1986 to one court of rape of a child under thirteen years of age. In exchange for Callahan's plea, the State dismissed charges against Callahan alleging gross sexual imposition, sexual battery, corruption of a minor, and attempted corruption of a minor. Callahan was convicted on his plea. On September 15, 1986, he was sentenced to serve a term of incarceration of eight to twenty-five years.
Callahan filed a petition for post-conviction relief on March 2, 2000, asking the court to vacate his rape conviction. As grounds for relief, Callahan alleged that on November 19, 1999, the Ohio Adult Parole Authority ("APA") had denied his request for parole upon consideration to the other charges against him that the State had dismissed in 1986 pursuant to the plea bargain with Callahan.
The State filed a motion to dismiss Callahan's petition on March 9, 2000. Seven days later, on March 16, 2000, the trial court granted the State's motion and dismissed the petition. Callahan filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR THE MONTGOMERY COUNTY, OHIO, COURT OF COMMON PLEAS DENIED APPELLANT HIS CONSTITUTIONAL RIGHT OF DUE PROCESS OF LAW, OHIO CONSTITUTION ARTICLE I, SECTION 16, UNITED STATES CONSTITUTION 5TH AND 14TH AMENDMENTS, WHEN THE COURT OVERRULED APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT ALLOWING A TIMELY OPPORTUNITY FOR HIM TO RESPOND TO THE STATE PROSECUTOR'S "MOTION TO DISMISS POST-CONVICTION PETITION." THIS DENIAL OF AN OPPORTUNITY TO BE HEARD ALSO RESULTED IN AN "ABUSE OF DISCRETION" ON THE PART OF THE TRIAL COURT.
 SECOND ASSIGNMENT OF ERROR THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO, APPLIED THE INCORRECT STANDARD OF REVIEW, AND OVERRULED APPELLANT'S POST-CONVICTION PETITION ON ERRONEOUS GROUNDS RESULTING IN AN ERROR OF JUDGMENT.
Callahan argues, as he did in his petition, that the APA's consideration of the charges which the State had dismissed when the APA denied his parole request deprived Callahan of the benefit of the bargain he made when he entered his plea. Because his conviction was entered on the plea, Callahan asked the court to vacate the conviction and the sentence imposed on it.
A plea agreement "is contractual in nature and subject to contract law standards." State v. Butts (1996), 112 Ohio App.3d 683, 685-686. Boththe county prosecutor who represented the State in the proceedingsleading to Callahan's conviction and the APA are agents of the State.The APA may not act to deny Callahan a benefit to which he is entitled bythe plea bargain contract into which he entered with the county prosecutor.
Callahan did not allege in his petition, and does not argue here that the county prosecutor had promised him that the other offenses which were dismissed could not or would not be considered by the APA when it determined his request for parole. Any such promise is necessarily a promise implied by their dealings or the result that was reached. In order to give effect to such an implied promise, it must be one that is supported by and consistent with law. Callahan's unilateral expectations are insufficient.
In determining whether to grant an inmate's request for parole, the APA may consider other alleged crimes which did not result in conviction.State ex rel. Lipshutz v. Shoemaker (1990), 49 Ohio St.3d 88. That mayinclude the inmate's pattern of delinquent behavior prior to the currentterm of imprisonment, as well as consideration of any other factors whichthe Parole Board deems to be relevant." Hemphill v. Ohio Adult ParoleAuthority (1991), 61 Ohio St.3d 385. Consideration of those matters isnot a denial of due process. State ex rel. Ferguson v. Ohio Adult ParoleAuthority (1989), 45 Ohio St.3d 355.
In Randolph v. Ohio Adult Parole Authority (January 21, 2000), MiamiApp. No. 99CA17, unreported, jurisdictional motion denied,88 Ohio St.3d 1112, we held that the APA is required to classify adefendant for parole eligibility on the basis of the offenses of which hewas convicted, and may not classify him differently on the basis of othercharges which the State had dismissed in a plea bargain resulting in theconviction. We employed a contract analysis. However, we limited that analysis to the issue of eligibility for parole, as distinguished from the actual parole determination. Callahan would have us extend the rule to the actual parole decision.
The benefit that Callahan obtained as a result of his plea bargain was that he would not be put in jeopardy of criminal liability for the alleged offenses that the State dismissed. As a corollary, he would not be subject to the potential penalties that his conviction for those offenses might allow. However, those alleged offenses could be considered by the court when it imposed its sentence on Callahan for the rape offense to which he had pled guilty. United States v. Watts (1997),519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554; State v. Wiles (1991),59 Ohio St.3d 71. That rule should likewise allow the APA to consider those other alleged offenses when deciding whether to parole Callahan on the rape conviction.
In view of the settled authority of the APA to consider uncharged crimes when making a parole decision, which is grounded in statute and administrative rule, we conclude that any benefit which Callahan obtained through his plea bargain agreement was subject to or qualified by that authority of the APA. Thus, no promise can be implied in Callahan's agreement with the State that the APA could not consider the dismissed charges when it subsequently determined Callahan's parole request. Lacking such an implied promise, the agreement was not breached by the APA's consideration of those other alleged offenses.
Callahan also objects that the trial court granted the State's motion to dismiss without the benefit of his motion contra, before the time for filing a motion contra had expired. Obviously, this could have prevented Callahan from presenting the court with whatever arguments and showings he might make in opposition to the State's requested course of action. Callahan does not state what those might have been. He only makes the conclusory assertion that the statutory and administrative code sections on which he would have relied "would have been made `more' clear before the court." Brief, p. 3.
Procedural errors are generally not a basis to find reversible error absent a showing of substantial prejudice to some material right of the party who was adversely affected by the procedural error. Callahan has made no such showing. No reversible error is demonstrated.
The assignments of error are overruled. The judgment of the trial court will be affirmed.
 ___________________ GRADY, P.J.
BROGAN, J. and YOUNG, J., concur.