DECISION
Plaintiff-appellant, Gary Nobles, appeals from a judgment of the Franklin County Court of Common Pleas, which dismissed his complaint pursuant to the Civ.R. 12(B)(6) motion of defendant-appellee, Ohio Department of Rehabilitation and Correction, to dismiss for failure to state a claim upon which relief can be granted.
Appellant was convicted on one count of aggravated robbery in 1985, and sentenced to an indefinite term of not less than nine years but not more than twenty-five years. In 1993, after serving eight years, appellant was conditionally released from the custody of appellee. In 1995, appellant pled guilty to one count of robbery and was sentenced to an indefinite term of not less than three years but not more than fifteen years to be served consecutively with his prior sentence. Accordingly, appellant was re-admitted to the care and custody of appellee.
In November 1996, appellant appeared before the parole board for a hearing in accordance with R.C. 2967.03 and 2967.13. He was denied parole and the board scheduled his next hearing for November 1998. In September 1998, appellant appeared before the board and again was denied parole and the board scheduled his next review for November 2008. This decision of the parole board was consistent with appellee's newly adopted guidelines of which appellant takes issue.
The guidelines were created to assist the Ohio Adult Parole Authority ("APA") in making a fair, consistent and equitable decision in determining the amount of time a given offender must serve before being released. According to the guidelines, a prisoner convicted of the crime of robbery would be placed in Category 5. The APA would then assign the prisoner a risk factor that ranges from zero to eight based upon the individual's criminal history and risk of recidivism. On the other hand, one convicted of aggravated robbery would be placed in Category 9.
Appellant contends that he should have been placed in Category 5, Risk Factor 8. This meant that he would be required to serve sixty to eighty months before being considered for release. Instead, the APA placed him in Category 9, Risk Factor 8, where he would have to serve one hundred fifty-six to one hundred ninety-two months before being considered for release. After exhausting the administrative appeal process within the Department of Rehabilitation and Correction, appellant filed a complaint in the trial court.
Appellant filed his complaint on November 4, 1999, seeking a declaratory judgment pursuant to R.C. 2721.02. On December 8, 1999, appellee filed a motion to dismiss for failure to state a claim upon which relief could be granted. On February 4, 2000, the Franklin County Court of Common Pleas granted appellee's motion, and this appeal followed.
Appellant's appeal advances two assignments of error. Because they are interrelated, we will address them together:
 I. Trial Court erred to the prejudice of the Appellant in dismissing the Complaint in Declaratory Judgment where such facts alleged did state required justicable [sic] controversy, requiring the Court to make a declaration of rights.
 II. Trial Court committed reversable [sic] error in failing to determine that a "justicable [sic] controversy" exists between Appellant and Appellees based on a reasonable expectation to be properly placed in an appropriate seriousness category and guideline range in the beginning of the decision making process, to do a proper calculation as to Appellants [sic] eventual release, violating Appellants [sic] right to Due Process and Equal Protection of the law where Appellant entered into a plea negotiation to plead to an offense of Robbery in exchange for his guilty plea, binding the agencies of the State to abide by that some [sic] agreement, and not hold Appellant to answer for a more onerous offense, subjecting Appellant to serve more than the maximum sentence allowable by law.
When reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, an appellate court must independently review the complaint to determine if dismissal was appropriate. McGlonev. Grimshaw (1993), 86 Ohio App.3d 279, 285. The appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases. Id.
Dismissal of a claim for failure to state a claim upon which relief may be granted is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 144. In construing a complaint on a motion to dismiss, pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190, 192. However, a court need not presume the truth of conclusions unsupported by factual allegations. Mitchell,supra, at 193.
In his complaint, appellant sought a declaratory judgment asking the court to declare that: (1) he was entitled to be classified in Category 5 for robbery instead of Category 9 for aggravated robbery; (2) the APA abused its discretion in considering offenses dismissed as part of a plea bargain agreement; and (3) his Due Process rights had been violated.
The trial court, relying on our holding in Wise v. Ohio Dept. ofRehab. Corr. (1992), 84 Ohio App.3d 11, held that "the declaratory judgment statute, R.C. 2721.03 is limited in its application to constitutional provisions, statutes, and rules. Because the parole guidelines have not been adopted as rules, the guidelines are not subject to the declaratory judgment statute." The trial court further held that "[b]ecause the plaintiff's cause of action is based on the claim that the Parole Board is misapplying its own guidelines, he is not requesting a declaration of rights to which he is entitled. Further, this Court agrees with defendant that the Parole Board may consider crimes for which the defendant has not been convicted in rendering its decision. See Ohio Adm. Code 5120:1-1-07(C)(12), (16)."
We agree with the trial court's conclusion that the parole guidelines are not subject to the declaratory judgment statute. R.C. 2721.03 states in relevant part: "[a]ny person * * * whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code * * * may have determined any question of construction or validity arising under such instrument * * * and obtain a declaration of rights, status, or other legal relations thereunder." In Wise, we held that "not being a rule, the guidelines are not subject to R.C. 2721.03, which limits its application in this regard to constitutional provisions, statutes and rules." See Wise at 13. We agree with the holding in Wise and hold that declaratory judgment is not the proper remedy in the case at bar.
R.C. 2721.02 states in relevant part: "Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed." The language of this statute clearly indicates the discretionary nature of the relief of declaratory judgment. Therefore, even if declaratory judgment were the appropriate remedy in this case, it remains within the sound discretion of the trial court to grant such a remedy. The trial court did not abuse its discretion in dismissing appellant's claim for failure to state a claim for which relief can be granted under Civ.R. 12(B)(6), because any rights declared inherently drew into play the validity of appellee's parole guidelines.
Although the above rationale disposes of appellant's appeal, we feel that further clarification is necessary in this case. Appellant insists that because he disagrees with the APA, he has stated a claim upon which relief may be granted sufficient to overcome a Civ.R. 12(B)(6) motion. A controversy alone is insufficient to entitle appellant to declaratory relief. There must be relief, which the trial court is empowered to declare.
What the trial court held and what we affirm is not the lack of a disagreement between appellant and appellee. We simply hold that based on the allegations in the complaint, viewing them in a light most favorable to the non-moving party (appellant), declaratory judgment is not the proper remedy. This does not preclude the availability of other remedies, if any. If appellant feels that the state has breached his plea bargain agreement by placing him in Category 9, he may pursue an appropriate remedy. However, the availability of other remedies or the likelihood of success thereunder is not before us.
Appellant further argues that his case is similar to Randolph v. OhioAdult Parole Auth. (Jan. 21, 2000), Miami App. No. 99CA-17, unreported, appeal dismissed, (May 17, 2000), 88 Ohio St.3d 1512, and Givens v. OhioAdult Parole Auth. (Sept. 22, 2000), Clark App. No. 2000CA-35. The holdings in those two cases do not affect our finding here that declaratory judgment is within the sound discretion of the trial court, and that no abuse of discretion is found in the case at bar.
Further, we note the distinction between the above two cases and the case at bar. In Randolph, while the plaintiff may have sought a declaratory judgment on his claim, the court of appeals there felt that his claim was sounding in contracts and reversed after finding a breach of the plea agreement between Randolph and the APA. In the case at bar, our holding does not prevent appellant from pursuing a remedy based on contracts. Furthermore, in Givens, the court of appeals for Clark County reversed the trial court's finding that it was without subject-matter jurisdiction to entertain Givens' cause of action. Such finding does not alter our holding that the trial court did not abuse its discretion in denying appellant's declaratory relief.
Finally, while appellant concedes that he has no right to parole, he continues to argue that the APA may not consider dismissed charges in making its parole decision. We disagree. The APA is entitled to consider the original indictment in making its decisions. The Ohio Supreme Court has stated, "while an indictment is a mere accusation, it indicates that a grand jury found probable cause to believe" a crime has been committed. State ex rel. Askew v. Goldhart (1996), 75 Ohio St.3d 608. Further, we agree with appellee that the consideration of crimes that ultimately do not result in convictions is not a basis for a denial of a due process claim. Hemphill v. Ohio Adult Parole Auth. (1991),61 Ohio St.3d 385, 368 (citing State ex rel. Ferguson v. Ohio AdultParole Auth. [1989], 45 Ohio St.3d 355).
Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
BOWMAN, P.J., and LAZARUS, J., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.