OPINION
{¶ 1} Plaintiff-appellant, Richard C. Almond, appeals from the May 16, 2003 decision and entry and June 25, 2003 judgment entry of the Franklin County Court of Common Pleas granting defendants-appellees', Ohio Adult Parole Authority ("OAPA") motion for summary judgment. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} In December 1990, appellant was indicted by the Hamilton County Grand Jury for one count of aggravated arson, one count of aggravated robbery, one count of robbery, and one count of felonious assault. Pursuant to a bench trial, appellant was found guilty of aggravated arson and felonious assault. Appellant was sentenced to five to 15 years for aggravated arson and three to 15 years for felonious assault, to run concurrently. Appellant is currently incarcerated at the London Correctional Institution in London, Ohio.
 {¶ 3} On November 12, 1998 and January 13, 1999, appellant appeared before the OAPA for parole consideration. At the hearings, the OAPA utilized revised parole guidelines implemented on March 1, 1998. The parole guidelines employ a grid system that classifies an offender according to the seriousness of the offense(s) committed and the offender's criminal history and risk. The new guidelines assigned a Category 7 to an inmate convicted of felonious assault and a Category 9 to an inmate convicted of aggravated arson that resulted in serious bodily injury. Using the revised guidelines, the OAPA placed appellant in Category 9 for the aggravated arson offense. According to the revised guidelines, if the crimes occurred at the same time and are related, the inmate is assigned the highest category. According to appellant, that action resulted in a guidelines range of 108 to 144 months of imprisonment to be served before appellant could be released on parole.
 {¶ 4} On May 20, 2002, appellant filed a complaint for declaratory judgment and injunctive relief. Appellant alleged that he is entitled to immediate release from prison because the OAPA placed him in a higher offense category than it should have. On March 4, 2003, the OAPA filed a motion for summary judgment. The trial court determined that the OAPA properly applied the guidelines and correctly assigned appellant a Category 9. On June 25, 2003, the trial court granted the OAPA's motion for summary judgment finding that there are no genuine issues of material fact and that the OAPA is entitled to judgment as a matter of law. It is from this judgment entry that appellant appeals, assigning the following as error:
I. The Ohio Adult Parole Board had not considered any factors that would determinine [sic] Almonds eligiability [sic] for parole.
II. The Ohio Adult Parole Authority used facts not a part of the record in determining the degree of the offenses charged when determining Almond's parole eligibility.
 {¶ 5} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
* * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
 {¶ 6} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co.
(1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 {¶ 7} Appellate review of summary judgments is de novo. Koos v.Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. (See Dresher; Coventry Twp. v. Ecker [1995],101 Ohio App.3d 38, 41-42.)
 {¶ 8} In what appears to be assignment of error number one, appellant maintains that the OAPA failed to consider Ohio Adm. Code5120:1-1-07(C) in determining his eligibility for parole. Appellant argues that the OAPA did not grant credit for his outstanding program achievement and completion. Appellant cannot raise any new issues for the first time on appeal. Under Ohio law, the failure to raise an issue at the trial level waives it on appeal. State v. Lorraine (1993),66 Ohio St.3d 414; State v. Comen (1990), 50 Ohio St.3d 206; State v.Williams (1977), 51 Ohio St.2d 112. As such, appellant's first assignment of error is not well taken.
 {¶ 9} In his second assignment of error presented for review, appellant maintains that the OAPA violated his rights by placing him in offense Category 9 under the 1998 revised guidelines when he should have been assigned a Category 7 because his convictions did not result in the victim sustaining serious bodily injury.
 {¶ 10} The OAPA has wide-ranging discretion in parole matters.Tomlin v. Ohio Adult Parole Auth. (Jan. 31, 2002), Franklin App. No. 01AP-807; State ex rel. Lipschutz v. Shoemaker (1990), 49 Ohio St.3d 88,90. R.C. 2967.03 vests discretion in the OAPA to "grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that * * * paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society." In Layne v. Ohio Adult Parole Auth.,97 Ohio St.3d 456, 2002-Ohio-6719, the Ohio Supreme Court noted:
[T]hat [the OAPA's] discretion must yield when it runs afoul of statutorily based parole eligibility standards and judicially sanctioned plea agreements. Therefore, we hold that in any parole determination involving indeterminate sentencing, the APA must assign an inmate the offense category score that corresponds to the offense or offenses of conviction. We further emphasize, as did the court of appeals in Randolph[v. Ohio Adult Parole Auth. (2000), Miami App. No. 99-CA-17], that the APA, when considering an inmate for parole, still retains its discretion to consider any circumstances relating to the offense or offenses of conviction, including crimes that did not result in conviction, as well as any other factors the APA deems relevant. Hemphill v. Ohio AdultParole Auth. (1991), 61 Ohio St.3d 385 * * *. See, also, Ohio Adm. Code5120:1-1-07.
Id. at ¶ 28.
 {¶ 11} In the instant matter, the parole guidelines assigns a Category 7 for the offense of felonious assault and a Category 9 for the offense of aggravated arson if "serious bodily injury results." An element of both felonious assault (R.C. 2903.11) and aggravated arson (R.C. 2909.02) is knowingly causing "serious physical harm."
 {¶ 12} The parole guidelines define serious bodily injury as:
(1) Any physical harm which carries a substantial risk of death;
(2) Any physical harm which normally requires hospitalization for treatment. "Hospitalization for treatment" means a formal admission to a hospital for treatment. It does not include treatment limited to the emergency room of a hospital;
(3) Any physical harm that involves some prolonged serious incapacity, prolonged serious disfigurement, or prolonged severe pain; or
(4) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment[.]
 {¶ 13} The guidelines also provide that if an offense can be classified under more than one offense category, then the highest applicable offense category is used. In this case, appellant and a co-defendant forcibly held the victim, robbed him, poured alcohol on him and set him on fire. The victim was hospitalized for one and one-half days and recovered from his injuries. The OAPA complied with the requirements set forth in Layne when it assigned appellant a Category 9 for the offense of aggravated arson. The OAPA retains discretion to consider circumstances related to the offense(s) of conviction as well as any factors that OAPA deems relevant. Hemphill v. Ohio Adult ParoleAuth. (1991), 61 Ohio St.3d 385, 386. As such, appellant's argument lacks merit and is not well-taken.
 {¶ 14} For the foregoing reasons, appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and WATSON, JJ., concur.