DECISION
{¶ 1} Plaintiff-appellant, Dwayne Harris ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment in favor of defendants-appellees, of which whom are various members and employees of the Ohio Department of Rehabilitation and Correction, and the Ohio Adult Parole Authority (collectively "appellees").
 {¶ 2} Appellant is currently incarcerated serving two separate sentences imposed upon him in 1989. In February 2001, appellant, pro se, filed a complaint for declaratory judgment that the Ohio Adult Parole Authority had violated his various constitutional and statutory rights. After a motion to dismiss and several motions for summary judgment were filed, appellant filed, with appellees consent, an amended complaint on March 2, 2004. Due to the filing of the amended complaint, which superseded the original complaint, the trial court filed an entry finding that pending motions relating to the original complaint were rendered moot.
 {¶ 3} Appellees filed a motion for summary judgment pursuant to Civ.R. 56, pertaining to the claims set forth in appellant's amended complaint. The trial court granted appellee's motion for summary judgment. It is from this judgment that appellant appeals.
 {¶ 4} On appeal, appellant raises the following two assignments of error:
(1). The Trial Court was legally wrong to Rule that the (O.A.P.A.) didn't violate Plaintiff Plea Agreements that was entry (sic) in the Court of Law.
(2). The Trial Court was legally wrong to Rule that the (O.A.P.A.) didn't violate the Separation of Power.
 {¶ 5} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 6} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 65-66.
 {¶ 7} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The moving party may not fulfill its initial burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. Id. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Id. However, once the moving party satisfies its initial burden, the nonmoving party bears the burden of offering specific facts showing that there is a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but, instead, must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Civ.R. 56(E); Henklev. Henkle (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.
 {¶ 8} Appellate review of summary judgments is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. See Dresher, supra; Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41-42.
 {¶ 9} In his first assignment of error, appellant argues that the trial court erred in finding that the Ohio Adult Parole Authority ("APA") did not violate appellant's plea agreements. It is appellant's position that the APA violated the terms of the plea agreements by considering the aggravated assault conviction for which the sentence is expired, and is a separate conviction from the others that he pled guilty to and was sentenced to in 1989 that have unexpired sentences.
 {¶ 10} The aggravated assault conviction was obtained by appellant as the result of an incident that occurred in the county jail while appellant was awaiting disposition of his other two cases. For the aggravated assault conviction, appellant was sentenced to one and one-half years to be served concurrently with the other two sentences, a term of 13-25 years for convictions of kidnapping, rape, and felonious assault, concurrent with a term of 10-25 years for convictions on rape and kidnapping.
 {¶ 11} Appellant was considered for parole in December 2000 and April 2003. At the April 2003 hearing, the APA decided that appellant should serve a total of 245 months, and his next hearing for consideration of parole eligibility was continued until June 2009. The APA considered the aggravated assault conviction, and appellant argues that it was error for the APA to consider said conviction and add 24-36 months to his parole eligibility date because the sentence for that conviction expired in 1990.
 {¶ 12} In support of his position, appellant relies on Layne v. OhioAdult Parole Authority (2002), 97 Ohio St.3d 456, and argues that the APA has run afoul of his judicially sanctioned plea agreement. However, we find that appellant's reliance on Layne in this instance is misplaced. The Supreme Court of Ohio reiterated in Layne that the APA has "wide-ranging discretion in parole matters." Id. at 464. The Supreme Court of Ohio stated in Layne that:
R.C. 2967.03 vests discretion in the APA to "grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that * * * paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society." However, that discretion must yield when it runs afoul of statutorily based parole eligibility standards and judicially sanctioned plea agreements. Therefore, we hold that in any parole determination involving indeterminate sentencing, the APA must assign an inmate the offense category score that corresponds to the offense or offenses of conviction. We further emphasize, as did the court of appeals in Randolph, that the APA, when considering an inmate for parole, still retains its discretion to consider any circumstances relating to the offense or offenses of conviction, including crimes that did not result in conviction, as well as any other factors the APA deems relevant.Hemphill v. Ohio Adult Parole Auth. (1991), 61 Ohio St.3d 385, 386,575 N.E.2d 148. See, also, Ohio Adm. Code 5120:1-1-07.
Id.
 {¶ 13} The APA in this case did not run afoul of Layne because appellant was placed in an offense category according to the crimes for which he was convicted. Moreover, not only is the APA authorized, according to R.C. 2967.03 and Layne, to consider prior convictions, but also the APA is required to do so. Pursuant to Ohio Administrative Code5120:1-1-07:
(B) In considering the release of the inmate, the parole board shall consider the following:
* * *
(2) Any official report of the inmate's prior criminal record, including a report or record of earlier probation or parole * * *."
 {¶ 14} Given the foregoing, it is clear that even though the sentence for appellant's aggravated assault conviction was expired, the APA had the authority to consider the aggravated assault conviction. Thus, we find no merit to appellant's claim that error occurred when the APA's consideration of the aggravated assault conviction resulted in an assessment of more time than the initial guideline range for the unexpired sentences.
 {¶ 15} Accordingly, appellant's first assignment of error is overruled.
 {¶ 16} In his second assignment of error, appellant argues that it was error for the trial court to grant summary judgment in favor of appellee because the APA's decision at issue herein violates the separation of powers as set forth in the Ohio Constitution. However, while appellant alleged a separation of powers claim in his original complaint, appellant failed to include any separation of powers claims in his amended complaint. The assertions made in appellant's original complaint are no longer viable, due to appellant replacing his original complaint with an amended complaint. The substitution of an amended complaint for an earlier one ordinarily constitutes an abandonment of the earlier pleading and a reliance upon the amended one. Hidey v. Ohio State Hwy. Patrol
(1996), 116 Ohio App.3d 744; Ross v. Jones (June 30, 1988), Butler App. No. CA87-10-135, citing Wrinkle v. Trabert (1963), 174 Ohio St. 233, paragraph three of the syllabus; Grimm v. Modest (1939), 135 Ohio St. 275.
 {¶ 17} Accordingly, appellant's second assignment of error is overruled.
 {¶ 18} For the foregoing reasons, appellant's two assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Brown, P.J. and Bryant, J., concur.