[Cite as *Schaffer v. Huntington Natl. Bank*, 2015-Ohio-207.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

BRYCE SCHAFFER

    Appellant

    v.

HUNTINGTON NATIONAL BANK

    Appellee

C.A. No.      14CA010574

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    13CV181571

DECISION AND JOURNAL ENTRY

Dated: January 26, 2015

---

CARR, Judge.

{¶1}  Appellant Bryce Schaffer appeals the judgment of the Lorain County Court of Common Pleas that granted summary judgment in favor of appellee Huntington National Bank. This Court reverses and remands.

I.

{¶2}  After his checking account with Huntington became overdrawn in excess of $1000.00, and he was unable to resolve the matter to his satisfaction through discussions with the bank, Mr. Schaffer filed suit against Huntington in which he purported to allege state common law claims for defamation, breach of contract, harassment, and extortion.[1]  Huntington filed an answer and a counterclaim for action on an account, seeking damages in the amount of the overdraft plus overdraft fees.  The bank subsequently filed a motion for summary judgment on

---

[1] This Court does not here address the viability of or merits of any of the claims set forth in the original complaint.

both Mr. Schaffer's claims and its counterclaim. Two days later, Mr. Schaffer filed a motion for leave to file an amended complaint. The trial court granted leave, and Mr. Schaffer timely filed his amended complaint ten days later.

{¶3} Mr. Schaffer's amended complaint alleged claims for attempted extortion, breach of contract, harassment, violation of consent, defamation, breach of confidence, abuse of process, fraud, tortious interference, negligence, violation of R.C. 1127.09 (regarding false or misleading statements regarding the financial condition of the bank), as well as numerous violations of various provisions of federal law including the Check Clearing for the 21st Century Act, and Titles 12 (Banks and Banking) and 31 (Money and Finance; Treasury) of the Code of Federal Regulations. Huntington filed an answer to the amended complaint, but it did not file a modified motion for summary judgment. The trial court granted summary judgment in favor of the bank on both its counterclaim and Mr. Schaffer's claims without any analysis. Mr. Schaffer timely appealed, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE ERROR IN REGARD IS CLEAR AND EVIDENT; JUDGMENT WAS CONTRARY TO LAW PER THE UNITED STATES CODE AND CODE OF FEDERAL REGULATIONS.

{¶4} In his sole assignment of error, and relying upon federal law, Mr. Schaffer challenges the trial court's entry of summary judgment on the basis that it is contrary to law. Because there was no motion for summary judgment pending with regard to the amended complaint, the trial court's ruling must be reversed.

{¶5} The filing of an amended complaint supplants the original or any prior complaint. *See Harris v. Wilkinson*, 10th Dist. Franklin No. 05AP-442, 2005-Ohio-6104, ¶ 2. *See also*

*Nationwide Mut. Ins. Co. v. Galman*, 7th Dist. Mahoning No. 03 MA 202, 2004-Ohio-7206, ¶ 44, citing *Sterner v. Sterner*, 85 Ohio App.3d 513, 519 (4th Dist.1993) ("An amended pleading substitutes for or replaces the original pleading."), citing 4 Harper, Anderson's Ohio Civil Practice (1987) 528, Section 156.04.

{¶6} In this case, Mr. Schaffer obtained leave of court to file his amended complaint which superseded his original complaint. Although Huntington previously filed a motion for summary judgment, it did not renew or refile its motion for summary judgment relevant to the amended complaint. Unlike the original complaint, the amended complaint alleged numerous violations by the bank of various federal laws, which allegations were absent from the original complaint.

{¶7} The trial court granted summary judgment in favor of Huntington without any analysis based on its review of the "pleadings, evidence submitted and the relevant case law." As the only pending complaint was Mr. Schaffer's amended complaint, filed with leave of court, the trial court necessarily granted summary judgment in favor of Huntington on Mr. Schaffer's claims alleged in the amended complaint. As there was no motion for summary judgment pending as to the claims alleged in the amended complaint, the trial court effectively sua sponte entered summary judgment in the bank's favor.

{¶8} Civ.R. 56(C) states, in relevant part: "A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *." The Ohio Supreme Court has recognized that Civ.R. 56(C) must be read to mean that "a party who has not moved for summary judgment is not entitled to such an order * * *." *Marshall v. Aaron*, 15 Ohio St.3d 48,

50-51 (1984). *See also Gibbs v. Ohio Adult Parole Auth.*, 4th Dist. Ross No. 01CA2622, 2002-Ohio-2311, ¶ 11 ("[T]here is no authority for the sua sponte entry of summary judgment in the absence of a pending motion[.]"). As Huntington's purported motion for summary judgment was filed prior to Mr. Schaffer's filing of his amended complaint in which he raised multiple novel claims, there was no motion for summary judgment pending for the trial court's consideration. Accordingly, the trial court erred in granting summary judgment in favor of Huntington in the absence of any such pending motion.

{¶9} Moreover, in that the amended complaint was premised on federal banking statutes, this Court here takes no position regarding whether the trial court has jurisdiction to consider those claims. We merely address the propriety of the trial court's award of summary judgment to Huntington and conclude that, in the absence of a motion for summary judgment in regard to Mr. Schaffer's pending claims, the trial court prematurely ruled in error. Mr. Schaffer's assignment of error is sustained.

### III.

{¶10} Mr. Schaffer's assignment of error is sustained. This judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

BRYCE SCHAFFER, pro se, Appellant.

STEPHAN M. BALES, Attorney at Law, for Appellee.